IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL ALLEN BYRAM,                    :
Administrator of the Estate            :
and Natural Father of                  :
JOHNATHON BYRAM, deceased,             :
1610 Brimfield Circle                  :
Sykesville, MD  21786                  :
                                       :
          Plaintiff                    :
                                       :
     vs.                               :          CIVIL ACTION - - LAW
                                       :
MARK T. RENEHAN,                       :
15 Weber Road                          :
Norwich, CT   06380                    :
                                       :
and                                    :
                                       :
THOMAS (a/k/a TODD) S. RENEHAN         :
59 Canterbury Way                      :
Basking Ridge, NJ   07920              :
                                       :
and                                    :
                                       :
BETH L. RENEHAN                        :
59 Canterbury Way                      :
Basking Ridge, NJ   07920              :
                                       :                              :
and                                    :
                                       :
JAMES RENEHAN                          :
13 Andrews Road                        :
Malvern, PA   19355                    :

PATRICIA RENEHAN                        :
13 Andrews Road                         :
Malvern, PA   19355                     :
                                        :
and                                     :
                                        :
JOSEPH CONNORS, JR.                     :
1148 Augusta Street                     :
Tinton Falls, NJ   07712                :
                                        :
            Defendants     :     NO. _____   of   2010

## **COMPLAINT**

AND NOW comes, Daniel Allen Byram, Administrator and Natural Father of the

Estate of Johnathon Byram, deceased by and through his counsel, Kevin P. Foley of the

law firm of Foley, McLane, Foley, McDonald & MacGregor, P.C., and hereby files this

within Complaint, inter alia, to the Wrongful Death Act 42 Pa. C.S.A. §8301, the Survival

Act 42 Pa. C.S.A. §8302, and Pa. R.C.P. §2202 and §2204 against the following

Defendants: Mark T. Renehan, Thomas (a/k/a Todd) S. Renehan, Beth L. Renehan,

James Renehan, Patricia Renehan and Joseph Connors and respectfully avers as

follows:

## **THE PARTIES**:

1.      The Plaintiff, Daniel Allen Byram, is an adult citizen of the State of

Maryland with a principal residence at 1610 Brimfield Circle, Sykesville, Maryland,

21786.

2.      Plaintiff, Daniel Allen Byram, is the natural father of Johnathon Byram,

deceased, who died on the 5th day of July, 2009 and he was appointed Administrator of

the Estate of Johnathon Byram, by virtue of Letters Administration granted on October

13, 2009 by the State of Maryland.

      3.      Plaintiff's decedent, Johnathon Byram, was survived by his natural father,

Daniel Byram, his mother, Rose Byram, and two minor siblings.

      4.      Plaintiff's decedent, Johnathan Byram, passed away in the State of

Pennsylvania, on or near T-668 a/k/a Minkler Mountain Road, in the municipality of

Manchester Township, Wayne County, Pennsylvania, as a result of the conduct of one

or more of the Defendants set forth more specifically in the paragraphs below.

      5.      Defendant, Mark T. Renehan is an adult citizen and resident of the State

of New Jersey with what is believed to be a current address of 59 Canterbury Way,

Basking Ridge, New Jersey and with a previous address as of July , 2009 of 15 Weber

Road, Norwich, Connecticut, 06380.

      6.      Defendant, Thomas (a/k/a Todd) S. Renehan, is an adult citizen and

resident of the State of New Jersey with what is believed to be a current address of 59

Canterbury Way, Basking Ridge, New Jersey and with a previous address as of July ,

2009 of 895 Tradewinds Bend, Weston, Florida, 33327.

      7.      Defendant, Beth L. Renehan, is an adult citizen and resident of the State

of New Jersey with what is believed to be a current address of 59 Canterbury Way,

Basking Ridge, New Jersey and with a previous address as of July , 2009 of 895

Tradewinds Bend, Weston, Florida, 33327.

8.      Defendant, James Renehan, is an adult citizen and resident of the State of Pennsylvania with a last known address of 13 Andrews Road, Malvern, Pennsylvania, 19355.

9.      Defendant, Patricia Renehan, is an adult citizen and resident of the State of Pennsylvania with a last known address of 13 Andrews Road, Malvern, Pennsylvania, 19355.

10.     Defendant, Joseph Connors, Jr., is an adult citizen and resident of the State of New Jersey with a last known address of 48 Augusta Street, Tinton Falls, New Jersey, 07712.

**JURISDICTION**:

11.     Jurisdiction of this Honorable Court is based upon Federal Statute, based upon complete diversity of citizenship of the parties and an amount of controversy in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs pursuant to 28 U.S.C. §§1331 and 1332(a)(1).

**FACTUAL BACKGROUND**:

**INTRODUCTION**:

12.     At all relevant times and specifically on July 4 and 5 of 2009 the Defendants, James Renehan and Patricia Renehan, were the owners of the property and summer home located at 193 Minkler Mountain Road, Minkler Mountain, Wayne County, Pennsylvania (hereinafter referred to as "party house")..

13.     On July 4 and 5 of 2009 the Defendants, Thomas Renehan and Beth Renehan, his wife, were the owners of a property and summer home located along Minkler Mountain Road with what is believed and therefore averred to have an official address of 68 Fieldstone Drive, Minkler Mountain, Wayne County, Pennsylvania (hereinafter referred to as "vacation house").

14.     Plaintiff's decedent, Johnathon Byram, on July 5, 2009, at the time of his death, was nineteen (19) years of age with a date of birth of September 14, 1989.

15.     The vacation house and party house are approximately four (4) miles apart and on opposite sides of T668 (a/k/a Minkler Mountain Road), Minkler Mountain, Wayne County, Pennsylvania.

16.     On or about July 3, 2009 Plaintiff's decedent and Defendant, Joseph Connors, Jr., were invited by the Defendants to and went to stay at the Defendants' summer home for the 4th of July weekend.

17.     It is believed and therefore averred that the Defendant, Joseph Connors, Jr., on July 5, 2009, was the legal age of nineteen (19) with the date of birth of August 25, 1989.

18.     On July 4 and 5 of 2009 the Defendants, Thomas Renehan and Beth Renehan, his wife, were the owners of an unregistered, unlicensed  2008 Kawasaki 750 LE Teryx Recreation Utility Vehicle (hereinafter referred to as "RUV").

19.     The RUV at all times relevant was owned, titled, under the control of and/or supervision of the Defendants, Thomas Renehan and Beth Renehan.

20.     Said RUV was sold to the Defendants with an Owner's Manual delivered

to the Defendants at the time of sale along with the RUV.

21.     The Owner's Manual provided to the Defendants provided the following:

(a)     This vehicle is not an all-terrain vehicle; it is designed and equipped
        to be a multiuse utility vehicle for off-highway use only. Use of this
        vehicle on public roads and paved surfaces is hazardous.  Do not
        operate this vehicle on public roads or paved surfaces;

(b)     Always wear . . . and properly fitting D.O.T. approved helmet;

(c)     The vehicle is equipped with three-point seat belts both for the
        operator and passenger.  Always wear the seat belts when
        operating and riding in the vehicle;

(d)     This vehicle is designed to carry operator and only one passenger.
        Never carry persons in the cargo bed;

(e)     Drive Carefully and with Good Judgment.  Improper use of this
        vehicle can be hazardous.  Never operate at speeds too fast for
        your skills or conditions.  Handling characteristics of this vehicle
        change depending upon cargo load and driving modes.

(f)     Never drink and drive.  Alcohol and drugs impair your judgment and
        slow your reactions.  Even drugs prescribed by a physician can be
        dangerous.  Check with your doctor.

22.     Said RUV was also equipped with Warning placards on the vehicle which

provided the following:

(a)     Never operate at speeds too fast for your skills or conditions.
        Handling characteristics of this vehicle change depending upon
        cargo load and driving modes;

(b)     You must read and fully understand instructions in Owner's Manual
        and warning labels before operating this vehicle;

(c)     Use of this vehicle on public roads and pave surfaces is hazardous. This vehicle is designed and equipped for off-highway use only.  Do not operate this vehicle on public roads or paved surfaces;

(d)     This off-highway vehicle handles and maneuvers differently than an ordinary passenger car.  Sharp high speed turns or abrupt maneuvers can case this vehicle to roll over or go out of control. Use proper driving techniques on hills, in rough terrain, and in water;

(e)     Alcohol and drugs may impair reaction time and judgment.  Never operate this vehicle under influence of alcohol or drugs;

(f)     Always wear … D.O.T. approved helmet;

(g)     Seat belts reduce injuries.  Operator and passenger must always fasten seat belts during vehicle operation;

(h)     Never carry a passenger in the cargo bed;

(i)     This vehicle is designed to carry operator and only one passenger;

(j)     Always be sure to secure cargo before operating to reduce the possibility of cargo moving forward into the occupant compartment during sudden maneuvers, rapid braking or a collision;

(k)     Overloading or improper use of the cargo bed can cause changes in handling which can lead to an accident;

(l)     Cargo Only, no passengers;

(m)     Read your Owner's Manual for additional loading information.

23.     Said RUV, which the Defendants keep at their aforesaid summer home, was equipped with two (2) seats up front, both equipped with working lap and shoulder seat belts, for both the operator and passenger, and a cargo bed in the rear.

24.     The aforesaid RUV was equipped with working three point seatbelts (both lap and chest) for both the driver and the passenger at all times relevant including but not limited to July 4, 2009 and the morning of July 5, 2009, having been installed by the manufacturer, Kawaski, at the time it was manufactured and purchased by the Defendants, Thomas Renehan and Patricia Renehan.

25.     On the evening of July 4, 2009 and the early morning hours of July 5, 2009 the Defendant, Mark Renehan, was operating the RUV owned by the Defendants, Thomas Renehan and Beth Renehan.

26.     On the evening of July 4, 2009 and the early morning hours of July 5, 2009, the aforesaid RUV was being operated by the Defendant, Mark Renehan, with the full knowledge and permission of the Defendants, Thomas Renehan and Beth Renehan.

27.     On July 4, 2009 at approximately 6:00 p.m., the Defendant, Mark Renehan, had driven the RUV with Plaintiff's decedent and Defendant, Joseph Connors, Jr., occupying the RUV from the vacation house to the party house.

28.     There at the party house the minor Defendant, Joseph Connors, Jr., and the Defendant, Mark Renehan, and Plaintiff's minor decedent were served alcohol by the Defendants, James Renehan and Patricia Renehan, on a continuous basis from approximately 6:00 p.m. until approximately 2:30 a.m. with the exception of the brief period where the Defendant, Joseph Connors, Jr., and Plaintiff's decedent left the Defendants, James and Patricia Renehan's property, travelling back to the vacation house on the RUV to get sweatshirts at approximately 12:00 a.m., where they were

gone for approximately 20 to 30 minutes before returning to the party house  where they remained until approximately 2:30 a.m. the morning of July 5, 2009.

**FACTS BEFORE COLLISION/ROLLOVER:**

29.    On July 4 and 5 of 2009  during the hours of at least 6:00 p.m. until 2:30 a.m. approximately, the Defendants, James Renehan and Patricia Renehan, served numerous alcoholic beverages to the Defendants Mark Renehan, Joseph Connors, Jr. and Plaintiff's decedent, Johnathon Byram, at the party house.

30.    The aforesaid RUV was being operated by the Defendant, Mark Renehan, with the full knowledge and permission of the Defendants, Thomas Renehan and Beth Renehan, with them knowing that the Defendants, Mark Renehan and Joseph Connors, Jr. and the decedent were or would be consuming alcoholic beverages at the Defendants, James Renehan and Patricia Renehan's, party house.

31.    In the early morning hours of July 5, 2009, after several hours of drinking, the Defendant, Joseph Connors, Jr., assisted the Defendant, Mark Renehan, in placing Plaintiff's decedent into the aforementioned RUV knowing that the Defendant, Mark Renehan, had been drinking and was intoxicated to such a degree that he was unfit to operate said RUV and knowing that the Plaintiff's decedent was incapacitated and unable to take necessary precautions to protect himself.

32.    Despite the RUV being equipped with seatbelts, the Defendant, Joseph Connors, Jr., and the Defendant, Mark Renehan, who it is believed and therefore averred, was himself intoxicated, had placed the Plaintiff's decedent, who was

incapacitated and unable to even get into the RUV on his own, into the aforementioned RUV in the passenger seat, failing to belt him in with the available three point seatbelt and/or otherwise secure him into the vehicle.

33.     Upon information and belief, at the home of Defendants, James Renehan and Patricia Renehan, prior to leaving and at the time of the aforesaid incident and at all times relevant, Plaintiff's decedent was an unbelted, incapacitated passenger in the front seat of the aforesaid RUV.

34.     Immediately prior to the aforementioned motor vehicle collision, the Defendant, Mark Renehan, Defendant, Joseph Connors, Jr., and Plaintiff's decedent, Johnathon Byram, were served and consumed numerous alcoholic beverages at the residence of the Defendants, James Renehan and Patricia Renehan.

35.     It is believed and therefore averred that the Defendants, James Rehenan and Patricia Renehan willfully served, furnished and/or allowed the consumption of the alcoholic beverages knowing that Plaintiff's decedent, Johnathon Byram, was under the age of twenty-one (21).

36.     It is believed and therefore averred that the Defendants, James Rehenan and Patricia Renehan willfully served, furnished and/or allowed the consumption of the alcoholic beverages knowing that Joseph Connors, Jr. was under the age of twenty-one (21).

37.     It is believed and therefore averred that the Defendants, James Rehenan and Patricia Renehan willfully served, furnished and/or allowed the consumption of the

alcoholic beverages to the two minors knowing that they and the Defendant, Mark

Renehan, had driven to the party house from the vacation house which are several

miles apart and on opposite sides of the T668, Minkler Mountain Road, Manchester

Township, Wayne County, Pennsylvania, on the RUV knowing that the Defendant ,

Mark Renehan, would drive said RUV back to the vacation house in the early morning

hours of July 5, 2009 after consuming said alcohol and that he would be intoxicated.

     38.    It is believed and therefore averred that the Defendants, James Renehan

and Patricia Renehan, knew that the Defendant, Mark Renehan, had driven the RUV

from the residence of Defendants', Thomas Renehan and Patricia Renehan, with the

Defendant, Joseph Connors, and Plaintiff's decedent being passengers on said vehicle

and served the Defendant, Mark Renehan, and Plaintiff's decedent and Defendant,

Joseph Connors, knowing that Plaintiff's decedent and Defendant, Joseph Connors,

were underage and would be returning to Defendants, Thomas Renehan and Beth

Renehan's, home knowing that the Defendant, Mark Renehan, would be operating said

RUV in an intoxicated and unsuitable fashion and further knowing that the vehicle was

illegal, unregistered and not equipped with proper lighting to be operated on a public

roadway at night and that despite said knowledge, illegally served the alcohol to

Plaintiff's decedent failing to take any steps whatsoever to protect the Plaintiff's

decedent in his incapacitated and intoxicated state.

     39.    The Defendants, Thomas Renehan and Beth Renehan, negligently

entrusted the use of their RUV to the Defendant, Mark Renehan, in that they knew or

should have known that the Defendant, Mark Renehan, had a history of reckless, unlawful and otherwise improper conduct which rendered him unfit to operate the RUV.

40.     The Defendants, Thomas Renehan and Beth Renehan, negligently entrusted the use of their RUV to the Defendant, Mark Renehan, in that they knew or should have known that the Defendant, Mark Renehan, would have been operating the vehicle under the influence of alcohol to such a degree that it would have rendered him unfit to operate said RUV

41.     The Defendants, Thomas Renehan and Beth Renehan, it is believed and therefore averred, knew that the Defendant, Mark Renehan, would operate the RUV illegally and on public roadways and gave him expressed and/or implied permission to do so.

42.     It is believed and therefore averred that at all times relevant, the Defendants, James Renehan and Patricia Renehan, had supplied the alcohol to the Defendant, Mark Renehan, the Defendant, Joseph Connors, Jr., and the Plaintiff's decedent for purposes of consumption while at the party house.

43.     At all times relevant it is believed and therefore averred that the Defendant, Mark Renehan, and his minor passengers were consuming alcohol at the party house with the consent and permission of the Defendants, James Renehan and Patricia Renehan.

**MARK RENEHAN'S PRIOR KNOWN RECORD**:

44.     It is believed and therefore averred that at least the Defendant, Thomas

Renehan, if not the Defendant, Beth Renehan, were fully aware of the Defendant's,

Mark Renehan, propensity to operate motor vehicles in an unsafe manner at the time

that they gave permission to the Defendant, Mark Renehan, to operate their RUV on

July 4, 2009 and the early morning hours of July 5, 2009.

45.     The Defendant, Mark Renehan, sometime in 2006 was required by the

State of Connecticut, where he is licensed, to attend an Operator Re-Training Program

operated by the State of Connecticut for previous misconduct committed while operating

a motor vehicle.

46.     The Connecticut Operator Re-Training Program is a driver awareness,

driver behavior and attitude modification course required by the State of Connecticut for

unsafe drivers.

47.     On or about August 6, 2006, as a result of his previous violations and his

failure to attend the four (4) hour Operator Re-Training Program, the Defendant's, Mark

Renehan, driving privileges were suspended by the State of Connecticut.

48.     It is believed and therefore averred that the Defendant, Mark Renehan,

had at least two (2) previous moving violations while operating a motor vehicle in the

State of Connecticut for which the state of Connecticut required him to attend the

Operator Re-Training Program in 2006.

49.     On or about January 19, 2007, the Defendant, Mark Renehan, was cited by the State of Connecticut for driving violations of traveling between 81 and 85 mph in a 55 mph zone.

50.     As a result of the Defendant's, Mark Renehan, conduct, on January 19, 2007 the Defendant, Mark Renehan, was ordered again by the State of Connecticut to attend an Operator Re-Training Program.

51.     The Defendant, Mark Renehan, again refused and/or failed to timely participate in the Operator Re-Training Program, as a result of which his driving privileges were suspended during the time period of April 27, 2007 through February 9, 2009.

**THE COLLISION:**

52.     The Defendants, Mark T. Renehan and Joseph Connors, Jr., in the early morning hours of July 5, 2009 had placed the intoxicated and incapacitated Plaintiff's decedent in the aforementioned RUV.

53.     In the early morning hours of July 5, 2009, after hours of drinking, Plaintiff's decedent was a passenger in the RUV which was being operated by the Defendant driver, Mark Renehan, who was illegally driving the RUV on T668, (a/k/a Minkler Mountain Road)  a public roadway, driving at a high rate of speed when he came to a left hand curve in the roadway and hit his brakes hard, traveling off of the left side of the road, striking a ditch with its driver's side ejecting Plaintiff's decedent, who was incapacitated due to the alcohol and unbelted, overturning the RUV onto the

Plaintiff's decedent causing Plaintiff's decedent to sustain severe injuries which eventually caused the death of Johnathon Byram.

54.     Plaintiff's decedent, Johnathon Byram, suffered fatal, traumatic injuries when he was ejected from the aforesaid RUV suffering extensive road abrasions (gravel/shale road surface), especially to the back, neck and head, suffering a partial avulsion of the scalp, laceration of the left temporal parietal scalp and avulsion of the left ear.

55.     It is believed and therefore averred that Plaintiff's decedent suffered pre-impact fright and conscious pain and suffering immediately prior to and/or after being ejected.

56.     It is believed and therefore averred that sometime around 2:30 a.m. to 3:00 a.m., the aforesaid collision occurred.

57.     The Defendant, Mark T. Renehan then operated the aforementioned RUV, driving at a high rate of speed, without proper lights on the vehicle, on a pitch black evening, down the Defendants', James Renehan and Patricia Renehan's, driveway making a left hand turn and driving along T668, also known as Minkler Mountain Road, on a pitch black road and at a high rate of speed when they came upon a turn in the roadway and the Defendant, Mark Renehan, because of his intoxicated state, because he was operating the vehicle at a high rate of speed, because it was pitch black and/or there were not proper lights on the vehicle, lost control of the vehicle, tipping the vehicle over and ejecting the incapacitated, unbelted decedent from the vehicle where he

landed either on the roadway or somewhere off of the roadway sustaining severe injuries followed by the vehicle landing on top of him, causing further injuries.

58.     The aforementioned party at the Defendants, James Renehan and Patricia Renehan's house, started at approximately 6:00 p.m. on July 4, 2009.

59.     It is believed and therefore averred that at the aforementioned date, time and place, the Defendant, Mark Renehan, was operating the aforementioned RUV under the influence of alcohol to such a degree that it rendered him unfit to drive.

**FACTS FOLLOWING THE COLLISION**:

60.     Immediately following the aforesaid collision, the Defendant, Mark Renehan, drove the RUV to the vacation house, leaving Plaintiff's decedent, Johnathon Byram, lying on the road at the collision site.

61.     It is believed and therefore averred that following the collision, the Defendant, Mark Renehan, drove the aforesaid RUV to the Defendants', Thomas Renehan and Beth Renehan, home.

62.     It is believed and therefore averred that following this the Defendants hid the aforesaid RUV in the garage of the Renehan home following which the Defendants, Thomas Renehan and Mark Renehan, returned back to the accident site on a different RUV.

63.     It is believed and therefore averred that the Defendant, Thomas Renehan, instructed the Defendants, Mark Renahan, and Joseph Connors, Jr., to return to his home and shower and clean themselves up before the paramedics and police arrived.

64.     It is believed and therefore averred that following this, the Defendant, Beth Renehan, drove the Defendants', Thomas Renehan and Beth Renehan, Cadillac Escalade down to the accident scene, at which point the Defendants, Thomas Renehan and Beth Renehan, removed the back seat of the vehicle and placed Plaintiff's decedent's dead body in the back of the vehicle, transporting him back to the Defendants, Thomas Renehan and Beth Renehan's, home.

65.     It is believed that they subsequently moved Plaintiff's decedent's body from the back of the Cadillac Escalade into the yard of the home.

66.     It is believed that at some point after returning to the home after moving Plaintiff's decedent, hiding the RUV and instructing the Defendants, Mark Renehan and Joseph Connors, to shower and change their clothing, that someone from the Defendants', Thomas Renehan and Beth Renehan, home finally called 911 to report the incident.

67.     After the incident and before the Pennsylvania State Police and/or the paramedics were summoned, it is believed and therefore averred, that the Defendant, Mark Renehan, and the Defendant, Thomas Renehan, had removed the Plaintiff's decedent and the RUV from T668 Minkler Mountain Road to 68 Fieldstone Drive, approximately .2 miles east of where the crash occurred.

68.     It is believed and therefore averred that the Defendants, Thomas Renehan and Beth Renehan, knowing that the RUV was unlicensed and unregistered, knowing that it would be unlawful to operate the same on a public roadway and furthermore,

knowing that Plaintiff's decedent and Defendant, Joseph Connors, Jr., were under the legal age to consume alcohol and had been willfully and illegally supplied alcohol by the Defendants, James Renehan and Patricia Renehan, and knowing that the Defendant, Mark Renehan, was driving while intoxicated, upon learning of the incident drove down to the incident location from his residence, took the back seat out of his vehicle and placed Plaintiff's decedent in the vehicle, at which time they transported his lifeless body back to 68 Fieldstone Drive where Defendant, Thomas Renehan, knowing that he had been consuming alcohol for several hours prior to the incident, placed a plastic tube into Plaintiff's decedent's mouth and shoved it down his throat, tearing apart his esophagus, following which he called 911 to report the incident.

69.     By the time the EMTs had arrived at the house, who were the first to arrive in response to the 911 call, the Defendants had hid the RUV in question in the garage and further, the Defendants, Mark Renehan and Joseph Connors, had already showered and changed their clothing.

70.     After the incident and before the Pennsylvania State Police arrived , the paramedics related that when they arrived at the residence, the Defendant, Mark Renehan, appeared to have just showered and was wearing clean clothes, however, there was an odor of alcohol present coming from him.

71.     The Defendant, Mark Renehan, during a subsequent interview by the Pennsylvania State Police had admitted to the Pennsylvania State Police Officer that he had been drinking and, furthermore, was found to have had the odor of alcohol about

him (even after taking a shower and changing his clothing during the time period in between the collision and when the Pennsylvania State Police had arrived at the scene) and was also observed to have had bloodshot eyes, had been visibly shaken, had been swaying, unsteady, confused, his speech seemed short and he was observed to have had difficulty walking, keeping his balance and had a kind of stumble or stammered walk.

72.     At the time that the Pennsylvania State Police attempted to question the Defendant, Mark Renehan, about what had transpired and/or his activities that evening, including his drinking, the Defendant, Thomas Renehan, advised the Pennsylvania State Police that the Defendant, Mark Renehan, was refusing to give any further statements, invoking his 5th Amendment right.

73.     Following the Defendant, Mark Renehan, invoking his 5th Amendment right, the Defendant, Mark Renehan, was taken into custody by the Pennsylvania State Police and transported to the Wayne Memorial Hospital for purposes of taking a blood sample to determine his blood alcohol level.

74.     At the Wayne Memorial Hospital, after the Pennsylvania State Police had explained to the Defendant, Mark Renehan his implied consent, the O'Connell warnings, as well as his Miranda rights, with the full knowledge that he could be found guilty of a crime and his driving privileges could be suspended for refusing to consent to testing of his blood for a blood alcohol level, the Defendant, Mark Renehan, refused the Pennsylvania State Police's request for a blood sample at Wayne Memorial Hospital.

**ALLEGATIONS AS TO DEFENDANT, MARK RENEHAN**

75.    The aforementioned incident was caused exclusively by the gross,

reckless, careless, negligent and indifferent conduct of the Defendants, individually

and/or jointly and severally and was not caused by any act or failure to act on the part of

the either the Plaintiff or Plaintiff's decedent.

76.    The gross, reckless, careless, negligent, indifferent, willful and wanton

conduct on the part of the Defendant, Mark Renehan, consisted of one or more of the

following:

     (a)    Operating a vehicle at an excessive an unsafe speed for conditions
existing at the time;

     (b)    Operating his vehicle in violation of §3361 of the PA Motor Vehicle
Code, 75 Pa.C.S.A. in that he was operating the vehicle at a speed
greater than was reasonable and  prudent under the then existing
conditions, and at a speed greater than would have permitted him
to bring the vehicle to a stop within the assured clear distance
ahead;

     (c)    Violating §3731 of the Vehicle Code, 75 Pa.C.S.A., by operating the
vehicle under the influence of alcohol to such a degree that it
rendered him incapable of safe driving;

     (d)    Failing to have his vehicle under proper and adequate control at the
time of the foregoing incident;

     (e)    Operating his vehicle without due regard for the rights and safety of
the Plaintiff's decedent and the traveling public;

     (f)    Supplying alcohol to a minor;

     (g)    Driving an unlicensed, unregistered motor vehicle without proper
lighting on an unlighted public roadway;

(h)     Violation of 18 Pa.C.S.A. §5510;

(i)     Violation of 18 Pa.C.S.A. §903;

(j)     Violation of 18 Pa.C.S.A. §5105(a)(1-5);

(k)     Violation of 75 Pa.C.S.A. §7721 entitled "*Operation on Streets and Highways*";

(l)     Violation of 18 Pa.C.S.A. §3310.1 entitled "*Selling or Furnishing Liquor or Malt or Brewed Beverages to a Minor*";

(m)     Violation of 18 Pa.C.S.A. §5105 entitled "*Hindering Apprehension or Prosecution*";

(n)     Violation of Pa.C.S.A. §3802 in that he did unintentionally cause the death of another person;

(o)     Driving Under the Influence of Alcohol or Controlled Substance in Violation of Pa.C.S.A. §3735(a);

(p)     Recklessly or with gross negligence cause the death of another person while engaged in a violation of a law of the Commonwealth of Pennsylvania or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic, namely operating an RUV on a roadway in violation of Pa.C.S.A. §7726(a)(1)/7721(a);

(q)     Recklessly or with gross negligence cause the death of another person while engaged in a violation of a law of the Commonwealth of Pennsylvania or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic, namely operating an RUV on a roadway in violation of Pa.C.S.A. §7726(a)(1)/7721(a) said violation being the cause of death of Plaintiff's decedent in violation of Pa.C.S.A. §3732(a);

(r)     Operating or actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that rendered him incapable of safely driving, operating or being in actual physical control of the movement of the vehicle;

(s)     Refusing to submit to chemical testing of blood to determine his
        %BAC in violation of Pa.C.S.A. §3802(a)(1);

(t)     Operating said RUV at an unsafe speed after consuming alcohol
        resulting in a crash causing death in violation of §2504(a) of the Pa.
        Crimes Code;

(u)     Recklessly engage in conduct which placed Plaintiff's decedent in
        danger of death by operating said RUV on a roadway at an unsafe
        speed resulting in a crash after imbibing alcohol in violation of
        §2705 of the PA Crimes Code;

(v)     Operating a vehicle in willful or wanton disregard for the safety of
        persons or property by operating said RUV on a roadway at an
        unsafe speed resulting in a crash after imbibing alcohol in violation
        of Pa.C.S.A. §3736(a);

(w)     In operating said RUV on a street or highway which is not
        designated and posted as a snowmobile or an RUV road by the
        governmental agency having jurisdiction in violation of Pa.C.S.A.
        §7721(a);

(x)     Operating said RUV at a speed that is unreasonable or improper
        under existing conditions or in excess of the maximum limits posted
        for vehicular traffic by operating said RUV on a roadway at an
        unsafe speed resulting in a crash in violation of Pa.C.S.A.
        §7726(a)(1);

(y)     Operating said RUV in any careless way as to endanger the person
        or property of another by operating said RUV on a roadway at an
        unsafe speed resulting in a crash in violation of Pa.C.S.A.
        §7726(a)(2);

(z)     Placing the incapacitated Plaintiff's decedent in said vehicle;

(aa)    Failing to secure the incapacitated Plaintiff's decedent in the RUV
        by seat belt or shoulder harnesses which were available;

(bb)    Operating said RUV in careless disregard for the safety of persons
        or property on a roadway at an unsafe speed resulting in a crash
        causing death in violation of Pa.C.S.A. §3714(a);

(cc)    Negligence per se;

(dd)    Otherwise acting in gross, reckless, careless, negligent, indifferent manner; and

(ee)    Otherwise violating the Statutes of the Commonwealth of Pennsylvania pertaining to the operation of a motor vehicle and/or the Pennsylvania Crimes Code.

## ALLEGATIONS AS TO DEFENDANTS, THOMAS RENEHAN AND BETH RENEHAN

77.    Plaintiff incorporates herein by reference all of the averments contained in the foregoing paragraphs as if the same were fully set forth herein at length.

78.    The gross, reckless, careless, negligent, indifferent, willful and wanton conduct on the part of the Defendants, Thomas Renehan and Beth Renehan, consisted of one or more of the following:

(a)    Supplying alcohol to a minor;

(b)    Permitting or allowing the driving of an unlicensed, unregistered motor vehicle without proper lighting on an unlighted public roadway;

(c)    Violation of 18 Pa.C.S.A. §5510;

(d)    Violation of 18 Pa.C.S.A. §903;

(e)    Violation of 18 Pa.C.S.A. §5105(a)(1-5);

(f)    Conspiracy to violate  75 Pa.C.S.A. §7721 entitled "*Operation on Streets and Highways*";

(g)    Violation of 18 Pa.C.S.A. §3310.1 entitled *"Selling or Furnishing Liquor or Malt or Brewed Beverages to a Minor"*;

(h)     Violation of 18 Pa.C.S.A. §5105 entitled *"Hindering Apprehension or Prosecution"*;

(i)     Violation of Pa.C.S.A. §3802 in that they did unintentionally cause the death of another person;

(j)     Conspiracy and/or allowing or permitting the driving of the RUV by another known to be under the influence of alcohol or controlled substance in violation of Pa.C.S.A. §3735(a);

(k)     Conspiracy and/or recklessly or with gross negligence cause the death of another person while engaged in a violation of a law of the Commonwealth of Pennsylvania or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic, namely allowing the operating an RUV on a roadway in violation of Pa.C.S.A. §7726(a)(1)/7721(a);

(l)     Recklessly or with gross negligence cause the death of another person while engaged in a violation of a law of the Commonwealth of Pennsylvania or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic, namely operating an RUV on a roadway in violation of Pa.C.S.A. §7726(a)(1)/7721(a) said violation being the cause of death of Plaintiff's decedent in violation of Pa.C.S.A. §3732(a);

(m)     Knowingly allowing or permitting the operating or actual physical control of the  movement of a vehicle when it was known or should have been known that the operator had consumed a sufficient amount of alcohol such that rendered him incapable of safely driving, operating or being in actual physical control of the movement of the vehicle;

(n)     Instructing the Defendant Mark Renehan to refuse to submit to chemical testing of blood to determine his %BAC in violation of Pa.C.S.A. §3802(a)(1);

(o)     Conspiracy and/or allowing or permitting operation of  said RUV at an unsafe speed after the driver had consumed  alcohol resulting in a crash causing death in violation of §2504(a) of the Pa. Crimes Code;

(p)     Conspiracy and/or allowing or permitting Defendant, Mark
        Renehan, to recklessly engage in conduct which placed Plaintiff's
        decedent in danger of death by operating said RUV on a roadway
        at an unsafe speed resulting in a  crash after imbibing alcohol in
        violation of §2705 of the PA Crimes Code;

(q)     Conspiracy to allow operation of a vehicle in willful or wanton
        disregard for the safety of persons or property by allowing
        Defendant, Mark Renehan, to operate said RUV on a roadway at
        an unsafe speed resulting in a crash after imbibing alcohol in
        violation of Pa.C.S.A. §3736(a);

(r)     Conspiracy to allow operation of said RUV on a street or highway
        which is not designated and posted as a snowmobile or an RUV
        road by the governmental agency having jurisdiction in violation of
        Pa.C.S.A. §7721(a);

(s)     Conspiracy to allow operation of said RUV at a speed that is
        unreasonable or improper under existing conditions or in excess of
        the maximum limits posted for vehicular traffic by operating said
        RUV on a roadway at an unsafe speed resulting in a crash in
        violation of Pa.C.S.A. §7726(a)(1);

(t)     Conspiracy to allow operation of said RUV in any careless way as
        to endanger the person or property of another by operating said
        RUV on a roadway at an unsafe speed resulting in a crash in
        violation of Pa.C.S.A. §7726(a)(2);

(u)     Conspiracy and/or operation of said RUV in careless disregard for
        the safety of persons or property on a roadway at an unsafe speed
        resulting in a crash causing death in violation of Pa.C.S.A.
        §3714(a);

(v)     Permitting the Defendant, Mark Renehan, to use their vehicle when
        they knew or should have known that he would drive in a gross,
        reckless, wanton, negligent and careless manner;

(w)     Failing to properly supervise the Defendant, Mark Renehan;

(x)     Knowing and willfully allowing Defendant, Mark Renehan, to
        operate the vehicle in a dangerous manner in clear violation of the

explicit written instructions given to them by the manufacturer and seller of the RUV;

(y)    Allowing the Defendant, Mark Renehan, to operate their motor vehicle when they knew or should have known that he would use alcohol before, during and while driving said vehicle to the point that such alcohol would render him incapable of safe operation of the motor vehicle;

(z)    Failing to use due care and caution in trusting and allowing the Defendant, Mark Renehan, to drive their vehicle when they knew or should have known that he would drive in a gross, wanton, negligent, reckless and careless manner;

(aa)    Otherwise violating the Statutes of the Commonwealth of Pennsylvania pertaining to the operation of a motor vehicle and/or the Pennsylvania Crimes Code;

(bb)    Otherwise allowing the Defendant, Mark Renehan, to operate their vehicle in a gross, wanton, careless, negligent manner as may be determined through the course of discovery; and

(cc)    Otherwise allowing the Defendant, Mark Renehan, to operate their vehicle in violation of the Statutes of the Commonwealth of Pennsylvania and/or the Ordinances of Wayne County.

## ALLEGATIONS AS TO DEFENDANTS, JAMES RENEHAN AND PATRICIA RENEHAN

79.    Plaintiff incorporates herein by reference all of the averments contained in the foregoing paragraphs as if the same were fully set forth herein at length.

80.    The gross, reckless, careless, negligent, indifferent, willful and wanton conduct on the part of the Defendants, James Renehan and Patricia Renehan, consisted of one or more of the following:

(a)    Violation of 18 Pa. C.S.A. § 6310, pertaining to the furnishing of liquor, malt or brewed beverages to a person who was less than 21 years of age

(b)     Violation of  Pa.C.S.A. §3310.1, pertaining to the furnishing of liquor, malt or brewed beverages to a person who was less than 21 years of age;

(c)     Violation of 18 Pa.C.S.A. §3310.1 entitled *"Selling or Furnishing Liquor or Malt or Brewed Beverages to a Minor"*;

(d)     Violation of Pa.C.S.A. §3802 in that they did unintentionally cause the death of another person;

(e)     Conspiracy and/or allowing or permitting the driving of the RUV by another known to be under the influence of alcohol or controlled substance in violation of Pa.C.S.A. §3735(a);

(f)     Conspiracy and/or recklessly or with gross negligence cause the death of another person while engaged in a violation of a law of the Commonwealth of Pennsylvania or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic, namely allowing the operating an RUV on a roadway in violation of Pa.C.S.A. §7726(a)(1)/7721(a);

(g)     Conspiracy and/or allowing or permitting the Defendant, Mark Renehan, to operate said RUV at an unsafe speed after consuming alcohol resulting in a crash causing death in violation of §2504(a) of the Pa. Crimes Code;

(h)     Conspiracy and/or allowing or permitting the Defendant, Mark Renehan, to recklessly engage in conduct which placed Plaintiff's decedent in danger of death by operating said RUV on a roadway at an unsafe speed resulting in a crash after imbibing alcohol in violation of §2705 of the PA Crimes Code;

(i)     Conspiracy and/or allowing or permitting the Defendant, Mark Renehan, to operate a vehicle in willful or wanton disregard for the safety of persons or property by operating said RUV on a roadway at an unsafe speed resulting in a crash after imbibing alcohol in violation of Pa.C.S.A. §3736(a);

(j)     Conspiracy and/or allowing or permitting the Defendant, Mark Renehan, to operate said RUV on a street or highway which is not designated and posted as a snowmobile or an RUV road by the

governmental agency having jurisdiction in violation of Pa.C.S.A. §7721(a);

(k)   Conspiracy and/or allowing or permitting the Defendant, Mark Rehenan to operate said RUV at a speed that is unreasonable or improper under existing conditions or in excess of the maximum limits posted for vehicular traffic by operating said  RUV on a roadway at an unsafe speed resulting in a crash violation of Pa.C.S.A. §7726(a)(1);

(l)   Conspiracy and/or allowing or permitting the Defendant, Mark Rehenan to operate said RUV in any careless way as to endanger the person or property of another by operating said RUV on a roadway at an unsafe speed resulting in a crash in violation of Pa.C.S.A. §7726(a)(2);

(m)   Conspiracy and/or allowing or permitting the Defendant, Mark Rehenan to place the incapacitated Plaintiff's decedent in said vehicle knowing the above;

(n)   Conspiracy and/or allowing or permitting the Defendant, Mark Rehenan to operate said RUV in careless disregard for the safety of persons or property on a roadway at an unsafe speed resulting in a crash causing death in violation of Pa.C.S.A. §3714(a);

(o)   Otherwise acting in gross, reckless, careless, negligent, indifferent manner; and

(p)   Otherwise violating the Statutes of the Commonwealth of Pennsylvania pertaining to the operation of a motor vehicle and/or the Pennsylvania Crimes Code.

## ALLEGATIONS AS TO DEFENDANT, JOSEPH CONNORS, JR.

81.   Plaintiff incorporates herein by reference all of the averments contained in the foregoing paragraphs as if the same were fully set forth herein at length.

82.     The gross, reckless, careless, negligent, indifferent, willful and wanton conduct on the part of the Defendant, Joseph Connors, Jr., consisted of one or more of the following:

> (a)     Placing the incapacitated Plaintiff's decedent in the RUV without belting him in;
>
> (b)     Placing the incapacitated Plaintiff's decedent in the RUV knowing that the driver was drinking and unfit to safely operate the RUV
>
> (c)     Placing the incapacitated Plaintiff's decedent in the RUV knowing that it was unsafe and dangerous to the decedent;
>
> (d)     Failing to protect the incapacitated Plaintiff's decedent against unreasonable risk of physical harm;
>
> (e)     Failing to take reasonable steps to protect the incapacitated Plaintiff's decedent against unreasonable risk of physical harm;
>
> (f)     Conspiracy and/or allowing or permitting the driving of the RUV by another known to be under the influence of alcohol or controlled substance in violation of Pa.C.S.A. §3735(a);
>
> (g)     Conspiracy and/or recklessly or with gross negligence cause the death of another person while engaged in a violation of a law of the Commonwealth of Pennsylvania or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic, namely allowing the operating an RUV on a roadway in violation of Pa.C.S.A. §7726(a)(1)/7721(a);
>
> (h)     Conspiracy and/or allowing or permitting operation of said RUV at an unsafe speed after the driver had consumed  alcohol resulting in a crash causing death in violation of §2504(a) of the Pa. Crimes Code;
>
> (i)     Conspiracy and/or allowing or permitting the Defendant, Mark Rehenan to operate recklessly engage in conduct which placed Plaintiff's decedent in danger of death by operating said RUV on a roadway at an unsafe speed resulting in a crash after imbibing alcohol in violation of §2705 of the PA Crimes Code;

(j)     Conspiracy to allow operation of a vehicle in willful or wanton disregard for the safety of persons or property by operating said RUV on a roadway at an unsafe speed resulting in a crash after imbibing alcohol in violation of Pa.C.S.A. §3736(a);

(k)     Conspiracy to allow operation of said RUV on a street or highway which is not designated and posted as a snowmobile or an RUV road by the governmental agency having jurisdiction in violation of Pa.C.S.A. §7721(a);

(l)     Conspiracy to allow operation of said RUV at a speed that is unreasonable or improper under existing conditions or in excess of the maximum limits posted for vehicular traffic by operating said RUV on a roadway at an unsafe speed resulting in a crash in violation of Pa.C.S.A. §7726(a)(1);

(m)     Conspiracy to allow operation of said RUV in any careless way as to endanger the person or property of another by operating said RUV on a roadway at an unsafe speed resulting in a crash in violation of Pa.C.S.A. §7726(a)(2);

(n)     Conspiracy to and/or placing the incapacitated Plaintiff's decedent in said vehicle knowing the above;

(o)     Conspiracy and/or allowing or permitting the Defendant, Mark Rehenan to operate said RUV in careless disregard for the safety of persons or property on a roadway at an unsafe speed resulting in a crash causing death in violation of Pa.C.S.A. §3714(a);

(p)     Otherwise acting in gross, reckless, careless, negligent, indifferent manner; and

(q)     Otherwise violating the Statutes of the Commonwealth of Pennsylvania pertaining to the operation of a motor vehicle and/or the Pennsylvania Crimes Code.

**COUNT I**
**WRONGFUL DEATH**

**DANIEL BYRAM, ADMINISTRATOR OF THE ESTATE OF**
**JOHNATHON BYRAM, DECEASED**
**v.**
**MARK T. RENEHAN, THOMAS (a/k/a TODD) S. RENEHAN, BETH L. RENEHAN,**
**JAMES RENEHAN, PATRICIA RENEHAN AND/OR JOSEPH CONNORS,**
**INDIVIDUALLY AND/OR JOINTLY AND SEVERALLY**

83.     Plaintiff incorporates herein by reference all of the averments contained in the foregoing paragraphs as if the same were fully set forth herein at length.

84.     Daniel Allen Byram, Administrator of the Estate of Johnathon Byram, deceased, brings this action on behalf of all those entitled by law to recover all damages for wrongful death, pursuant to and in accordance with 42 C.S.A. §8301, Pa.R.C.P. 2202(a) and all other applicable laws.

85.     Neither the decedent nor anyone on his behalf previously brought an action against the Defendants, Mark T. Renehan, Thomas (a/k/a/ Todd) S. Renehan, Beth L. Renehan, James Renehan, Patricia Renehan and/or Joseph Connors, individually and/or jointly and severally, for personal injuries and no other action for the death of the decedent has been commenced.

86.     As a direct and proximate result of the aforementioned careless and negligent conduct of the Defendants, Mark T. Renehan, Thomas (a/k/a/ Todd) S. Renehan, Beth L. Renehan, James Renehan, Patricia Renehan and/or Joseph Connors, individually and/or jointly and severally, they are liable for all damages recoverable for wrongful death.

87.     By reason of the death of the decedent, Daniel Byram has suffered financial losses and/or expenses of the Administration of the Estate.

88.     Plaintiff's statutory survivors have further suffered the loss of the decedent's society and comfort, friendship, guidance, love and affection, and other damages as are recoverable under the Wrongful Death Act of Pennsylvania.

89.     Plaintiff brings this action under and by virtue of the Wrongful Death Act, 42 Pa. C.S.A. §8301 and Pa. R.C.P. 2202(a).

90.     Plaintiff is entitled to recover in addition to other damages, amounts for reasonable hospital, nursing, medical, and funeral expenses and expenses of the Administration necessitated by reason of the gross reckless, wanton, negligent and careless conduct and omission to act causing death, harm, and/or increased risk of harm.

91.     As a direct and proximate result of the conduct set forth herein, Plaintiff's decedent had died.

92.     As a direct and proximate result of the conduct set forth herein, Plaintiff's decedent has suffered financial loss and general expenses, funeral expenses, and bills.

93.     As a direct and proximate result of the conduct set forth herein, Plaintiff's survivors have suffered a loss of support, service, society, love, affection, and attention as well as companionship, guidance, nurture and tutelage.

94.     As a direct and proximate result of the conduct set forth herein, Plaintiff's decedent, the Plaintiff and his survivors have suffered other losses and damages, which

they are entitled to be compensated for under the Pennsylvania Wrongful Death

Statute.

95.     Any other damages the Court determines Plaintiff may be entitled to under

the  the Wrongful Death Act .

WHEREFORE, Plaintiff, Daniel Allen Byram, Administrator of the Estate of

Johnathon Byram, demands judgment against the Defendants, Mark T. Renehan,

Thomas (a/k/a/ Todd) S. Renehan, Beth L. Renehan, James Renehan, Patricia

Renehan and/or Joseph Connors, in an amount in excess of Seventy-Five Thousand

Dollars ($75,000.00), and both compensatory and punitive damages plus delay

damages, statutory interest, taxable costs and attorney's fees.

## COUNT II
## SURVIVAL ACTION

**DANIEL BYRAM, ADMINISTRATOR OF THE ESTATE OF
JOHNATHON BYRAM, DECEASED
v.
MARK T. RENEHAN, THOMAS (a/k/a TODD) S. RENEHAN, BETH L. RENEHAN,
JAMES RENEHAN, PATRICIA RENEHAN AND/OR JOSEPH CONNORS,
INDIVIDUALLY AND/OR JOINTLY AND SEVERALLY**

96.     Plaintiff incorporates herein by reference all of the averments contained in

the foregoing paragraphs as if the same were fully set forth herein at length.

97.     The Plaintiff, Daniel Allen Byram, Administrator of the Estate of Johnathon

Byram, deceased, brings this survival action on behalf of the Estate and all those

entitled by law to recover all damages pursuant to and in accordance with 20 Pa. C.S.A.

§3371, §3373, 42 Pa. C.S.A. §8302 and all other applicable laws to recover all damages recoverable in a survival action.

98.    Neither the decedent nor anyone on his behalf has previously brought an action for personal injuries and no other action resulting from the death of Johnathon Byram has ever been commenced.

99.    As a direct and proximate result of the aforementioned careless and negligent conduct of the Defendants Mark T. Renehan, Thomas (a/k/a/ Todd) S. Renehan, Beth L. Renehan, James Renehan, Patricia Renehan and/or Joseph Connors, individually and/or jointly and severally, they are liable for all damages recoverable in a survival action.

100.    The Plaintiff's claim on behalf of said Estate, includes but is not limited to the decedent's loss of gross income or earning capacity, less his personal maintenance expense, which the decedent would have accumulated  from the date of his death through the decedent's remaining life expectancy.

101.    Plaintiff further claims damages for the conscious pain and suffering, discomfort, disfigurement, mental anguish and emotional distress, and fright and mental suffering attributable to the peril or fear causing the decedent's death, which the decedent suffered prior to the time of his death.

102.    Plaintiff claims damages on behalf of the decedent for the pre-impact fright, shock, and emotional distress that the decedent suffered from the moment that

he realized that the above-described accident was imminent up to the time that the collision and impact actually occurred.

103.   Any other damages the Court determines Plaintiff may be entitled to in this survival action.

WHEREFORE, Plaintiff, Daniel Allen Byram, Administrator of the Estate of Johnathon Byram, demands judgment against the Defendant, Thomas Renehan, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), and both compensatory and punitive damages plus delay damages, statutory interest, taxable costs and attorney's fees.

Respectfully submitted,

Foley, McLane, Foley, McDonald & MacGregor, P.C.


By:   ____/s/ Kevin P. Foley_____
Kevin P. Foley, Esquire
600 Linden Street
P.O. Box 1108
Scranton, PA   18501-1108
Telephone #(570)342-8194
Attorney ID #53067