IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL ALLEN BRYAM, Administrator of the Estate and Natural Father of JOHNATHON BYRAM, deceased,<br><br>                     Plaintiff<br><br>               v.<br>MARK T. RENEHAN<br><br>             and<br><br>THOMAS (a/k/a TODD) S. RENEHAN<br><br>             and<br><br>BETH L. RENEHAN<br><br>             and<br><br>JAMES RENEHAN<br>             and<br><br>PATRICIA RENEHAN<br><br>             and<br><br>JOSEPH CONNORS, JR.<br><br>                     Defendants | CIVIL ACTION<br><br>No. 3:10-CV-593 |

### ANSWER OF MARK RENEHAN, THOMAS S. RENEHAN, AND BETH L. RENEHAN TO PLAINTIFF'S COMPLAINT

Defendants, Mark Renehan, Thomas S. Renehan and Beth L. Renehan, by their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, and Harry T. Coleman, answer plaintiff's complaint as follows:

1. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph.

2. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph.

3. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph.

4. Admitted that plaintiff's decedent died as alleged. Any implication that he died as a result of improper conduct of answering defendants is denied.

5. Admitted that Mark T. Renehan is an adult and that he had a previous address of 15 Weber Road, Norwich, Connecticut. Remaining allegations are denied.

6. Admitted.

7. Admitted.

8. This paragraph does not assert allegations against answering defendants and therefore no answer is deemed necessary.

9. This paragraph does not assert allegations against answering defendants and therefore no answer is deemed necessary.

10. This paragraph does not assert allegations against answering defendants and therefore no answer is deemed necessary.

11. This paragraph states conclusions of law to which no answer is deemed necessary.

12. This paragraph does not assert allegations against answering defendants. Moreover, the characterization of the property as a "summer home" and a "party house" is inflammatory and improper.

13. Admitted that Thomas and Beth Renehan owned a property at 68 Fieldstone Drive, Wayne County Pennsylvania. The allegation that this property was in Minkler Mountain is

denied.   Moreover, the characterization of the house as a "vacation house" is objected to as inflammatory and improper.

14. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

15. Denied.

16. Admitted that plaintiff's decedent and Joseph Connors stayed at the home of Thomas and Beth Renehan for the 4th of July weekend.

17. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18.  Admitted that on July 4th and 5th of 2009 defendant Thomas Renehan was the owner of the RUV described in this paragraph.   Denied that Beth Renehan was also an owner.

19. Admitted as to Thomas Renehan; denied as to Beth Renehan.

20. Denied that the RUV was sold to "the defendants."  To the contrary, the RUV was sold to Thomas Renehan, only.   Remaining allegations admitted.

21. (a-f)  The owner's manual for the RUV is believed to be in the glove compartment of the RUV, which is impounded at the State Police Barracks in Honesdale.  Up until this point, answering defendants have been unable to inspect this vehicle, have not been able to read the owner's manual since the date of the accident, and therefore, answering defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

22. (a-m)  Since the date of the accident the RUV has been impounded at the State Police Barracks in Honesdale and answering defendants have been unable to inspect it.  Therefore, as to

3

the allegations of this paragraph, answering defendants lack knowledge or information sufficient to form a belief as to the truth thereof.

23. Admitted.

24. Denied that the RUV was purchased by Patricia Renehan. Otherwise, admitted.

25. Admitted that at certain times during the evening of July 4th and the morning hours of July 5th, defendant Mark Renehan was operating the RUV owned by Thomas Renehan. Remaining allegations of this paragraph are denied.

26. As to Beth Renehan, denied. Admitted that at certain times on the evening of July 4th and in the early morning hours of July 5th, 2009 the RUV was operated by defendant Mark Renehan with the permission of Thomas Renehan. It is unclear what is meant by the allegation "with the full knowledge…" of Thomas Renehan, and therefore, this allegation is denied.

27. Denied.

28. Admitted that at some point Joseph Connors and Johnathon Byram left James and Patricia Renehan's property and traveled back to Thomas and Beth Renehan's house to get sweatshirts. Remaining allegations of this paragraph are denied.

29. Denied.

30. Denied

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. This paragraph does not assert allegations against answering defendants and therefore no answer is deemed necessary.

36. This paragraph does not assert allegations against answering defendants and therefore no answer is deemed necessary.

37. This paragraph does not assert allegations against answering defendants and therefore no answer is deemed necessary.

38. This paragraph does not assert allegations against answering defendants and therefore no answer is deemed necessary.

39. Denied.

40. Denied.

41. Admitted that Thomas Renehan knew that Mark Renehan sometimes drove the RUV on Minkler Mountain Road. Otherwise, the allegations of this paragraph are denied.

42. This paragraph does not assert allegations against answering defendants and therefore no answer is deemed necessary.

43. This paragraph does not assert allegations against answering defendants and therefore no answer is deemed necessary.

44. After reasonable investigation answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

45. After reasonable investigation answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

46. After reasonable investigation answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

47. After reasonable investigation answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

48. After reasonable investigation answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

49. After reasonable investigation answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

50. After reasonable investigation answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

51. After reasonable investigation answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

52. Denied.

53. Admitted that at the time and place alleged, Johnathon Byram was a passenger in the RUV which was being operated by Mark Renehan.  Remaining allegations of this paragraph are denied.

54.  Admitted only that the plaintiff's decedent suffered fatal injuries as a result of this accident. .

55. Denied.

56. Denied.

57. Denied.

58. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

59. Denied.

60. Denied as stated.   To the contrary, after the collision defendant Joseph Connors, Jr., stayed at the scene with Johnathon Byram while Mark Renehan drove the RUV to his father's home to get help.

61. Admitted.

62. Denied.

63. Denied.

64. Admitted.

65. Admitted.

66. Denied.

67. Denied.

68. Admitted that Thomas Renehan tried to revive Johnathon Byram by attempting to suck the blood out of Byram's throat with a plastic tube.    Remaining allegations of this paragraph are denied.

69. Admitted that when the EMTs arrived at the house, Mark Renehan had showered. Remaining allegations of this paragraph are denied.

70.  Denied.

71. Admitted that when Mark Renehan was interviewed at the home of Thomas and Beth Renehan, he may well have had bloodshot eyes,  he may have been visibly shaken, and his speech may have seemed short.  Also admitted that he told the police officers that he had consumed some beer.    Remaining allegations are denied.

72. Admitted that Mark Renehan was taken into custody by the Pennsylvania State Police.  Remaining allegations are denied.

73. Admitted.

74. Admitted that Mark Renehan refused to consent to a blood test.  Remaining allegations are denied.

75. Denied.

76. (a-ee) Denied.

77. Paragraphs 1 through 76 of this answer are incorporated herein by reference.

78. (a-cc) Denied.

79. The allegations of this paragraph are not asserted against answering defendants and therefore no answer is deemed necessary.

80. The allegations of this paragraph are not asserted against answering defendants and therefore no answer is deemed necessary.

81. The allegations of this paragraph are not asserted against answering defendants and therefore no answer is deemed necessary.

82. The allegations of this paragraph are not asserted against answering defendants and therefore no answer is deemed necessary.

83. Paragraphs 1 through 82 of this answer are incorporated herein by reference.

84. This paragraph states conclusions of law to which no answer is deemed necessary.

85. After reasonable investigation answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

86. Denied.

87. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

88. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

89. This paragraph states conclusions of law to which no answer is deemed necessary.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. This paragraph is unclear, appearing to be incomplete, and thus no answer is deemed necessary.  Should answer be deemed necessary, denied.

96. Paragraphs` 1 through 95 of this answer are incorporated herein by reference.

97. This paragraph states conclusions of law to which no answer is deemed necessary.

98. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. This paragraph is unclear, seeming to be incomplete and thus no answer is deemed necessary.   Should answer be necessary, denied.

Wherefore, answering defendants hereby request judgment in their favor, with interest, costs, and any other relief deemed appropriate by the court.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims may be barred or limited by decedent's comparative negligence.

2. Plaintiff's claims may be barred or limited by decedent's voluntary assumption of the risk.

3. Plaintiff's complaint, or portions of it, fails to state a claim against answering defendants upon which relief can be granted.

4.  Plaintiff has failed to state a claim upon which punitive damages may be granted.

**RESERVATION OF DEFENSES**

Answering defendants reserve the right to amend their answer to assert additional affirmative defenses based upon the information obtained during pretrial discovery in this matter.

Wherefore, answering defendants hereby request judgment in their favor, with interest, costs, and any other relief deemed appropriate by the court.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

*/s/ James J. Wilson*

_____

James J. Wilson, Esquire
I.D. No. 42043
P.O. Box 3118
Scranton, PA  18505-3118
(570) 496-4600
Attorney for Defendants

Law Office of Harry T. Coleman

/s/ Harry T. Coleman

_____

Harry T. Coleman, Esquire
Law Offices of Harry T. Coleman
41 N. Main Street
Carbondale, PA 18407
507-282-7440
Attorney for Defendants
Harry@HarryColemanLaw.com

10/1118186.v1