IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL ALLEN BRYAM, Administrator :
of the Estate and Natural Father of :
JOHNATHON BYRAM, deceased, :
: CIVIL ACTION
Plaintiff :
:
v. :
MARK T. RENEHAN :
:
and :
:
THOMAS (a/k/a TODD) S. RENEHAN :
:
and :
: No. 3:10-CV-593
BETH L. RENEHAN :
:
and :
:
JAMES RENEHAN :
and :
:
PATRICIA RENEHAN :
:
and :
:
JOSEPH CONNORS, JR. :
:
Defendants :

**DEFENDANT MARK RENEHAN'S MOTION TO STAY CIVIL PROCEEDINGS PENDING RESOLUTION OF THE CRIMINAL PROCEEDINGS**

1

Defendant Mark Renehan, through his counsel, Marshall, Dennehey, Warner, Coleman & Goggin, respectfully presents this Motion to Stay Civil Proceedings and in support thereof avers as follows:

1. This suit stems from a July 4, 2009 ATV fatality accident.

2. Plaintiffs allege that there was a July 4th party at the home of James and Patricia Renehan where alcoholic beverages were provided.

3. Sometime after the party ended, Plaintiffs allege that Mark Renehan, Joseph Connors and decedent Jonathan Byram were riding an ATV from the Renehan's home to a nearby summer home of Thomas and Beth Renehan.

4. It is alleged that Mark Renehan was driving and decedent Johnathan Byram was in the side-by-side passenger seat; Joseph Connors was sitting in the cargo bay in the back of the ATV.

5. Along the way, Mark Renehan allegedly lost control of the vehicle, flipping it on top of Johnthan Byram and that Johnathan Byram died as a result of the injuries.

6. Plaintiffs filed a Complaint against the above-captioned Defendants claiming wrongful death and a survival action.

7. Criminal charges were also filed against Mark Renehan; the criminal trial is scheduled in Wayne County for September of 2010.

8.	Plaintiffs' counsel has noticed the deposition of Mark Renehan and all the above-captioned Defendants prior to his criminal trial.

9.	The parties are also entertaining and exploring resolution options via mediation.

10.	Were the civil action to proceed, Mark Renehan (the central figure in the case) would be forced to face a choice between defending himself in the civil action at the risk of incriminating himself in the criminal case or asserting his Fifth Amendment privilege at the risk of impeding his defense or raising an adverse interest.

11.	Employing the balancing test espoused by the Third Circuit in <u>SEC v. Graystone</u>, 25 F.3d 187 (3rd. Cir. 1994), Plaintiffs' interests are not outweighed by the constitutional implications of Mark Renehan's interest.

12.	Under the circumstances, as set forth more particularly in Mark Renehan's accompanying brief, a stay of all depositions until resolution of the criminal trial, which is set for September of 2010, is appropriate. See <u>Forbes v. Eagleson,</u> 1996 U.S. Dist. LEXIS 10583 (E.D. Pa 1996).

**WHEREFORE**, Defendant Mark Renehan respectfully requests that the civil litigation be stayed pending the resolution of his criminal proceedings.

          Respectfully submitted,

          MARSHALL, DENNEHEY, WARNER,
          COLEMAN & GOGGIN

          _____
          James J. Wilson, Esquire
          P.O. Box 3118
          Scranton, PA 18505-3118
          (570) 496-4600

          THOMAS, THOMAS & HAFTER, LLP

          /s/ James J. Dodd-o
          _____
          James J. Dodd-o, Esquire
          3101 Emrick Blvd.
          Suite 310
          Bethlehem, PA 18020

          /s/ Harry T. Coleman
          _____
          Harry T. Coleman, Esquire
          41 N. Main Street
          3rd Floor – Suite 316
          Carbondale, PA 18407

10/1150508.v1