# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL ALLEN BYRAM, Administrator/Natural Father of the Estate of Johnathon Byram, deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>MARK T. RENEHAN, ET AL.,<br><br>    Defendants. | CIVIL ACTION NO. 3:10-CV-0593<br><br>(JUDGE CAPUTO) |

## MEMORANDUM ORDER

Before me is Defendants, James and Patricia Renehan's Motion for Judgment on the Pleadings. (Doc. 44.) The gist of the motion is that the alcohol Defendants allegedly served to the driver of the RUV, Mark Renehan, in which the Decedent, Johnathon Byram, was riding when killed, was not a minor. As a result, they urge they are entitled to judgment on the pleadings because social hosts in Pennsylvania are not liable for acts of an intoxicated person who was not a minor and to whom they served alcohol. *Congini v. Porterville Value Co.*, 470 A.2d 515 (Pa. 1983).

Plaintiff disagrees stating that the gist of his claim is that the death was caused by the Defendants, James and Patricia Renehan serving alcohol to at least two minors, Decedent and Defendant, Joseph Connors Jr., in violation of 18 Pa. C.S.A. §§ 5510, 903, 5105(a)(1-5), 6310.1 and 3802. Plaintiff alleges that Mark Renehan was also under the age of twenty-one at the time of the incident, but add that even if he was not, the claim does not fail. Plaintiff alleges that the Decedent was served alcohol by movants to the point of intoxication such that he was carried to the RUV by Mark Renehan and Joseph Connors Jr. and that the

latter had to place him in the RUV and failed to belt him in. Subsequently, the RUV was operated by Mark Renehan and flipped over killing the Decedent.

Federal Rule of Civil Procedure 12(c) provides:

> Motion for Judgment on the Pleadings. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Further, "[m]otions for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) are reviewed under the same standard as motions to dismiss pursuant to Rule 12(b)(6)." *Piskanin v. Hammer*, No. 04-1321, 2005 WL 3071760, at *3, 2005 U.S. Dist. LEXIS 28135, at *8 (E.D. Pa. Nov. 14, 2005) (citing *Sprull v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004)). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept the complaint's allegations as true and drew all reasonable inferences in the plaintiff's favor. *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1164-65 (3d Cir. 1987). The court, however, "need not accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citation and internal quotations omitted). A fair reading of the complaint alleges that Defendants, Patricia and James Renehan, served alcohol to minors, Mark Renehan, Joseph Connors Jr. and the Decedent; that while intoxicated as a result, Joseph Connors Jr. and/or Mark Renehan placed Decedent in the RUV and failed to belt him in; that Decedent was so intoxicated as a result of the alcohol provided, he was unable to

2

protect himself; that James and Patricia Renehan knew Mark Renehan would be operating the RUV in an intoxicated state and in an unstable manner; and, that as a result of the foregoing (including the failure of Connors to secure Decedent and Decedent's inability to secure or otherwise protect himself), the Decedent was killed when the RUV turned over.

In the Court's view, the motion should be denied. There remain issues raised by the foregoing. There also remains an issue of Mark Renehan's age at the time of the incident.

For all of the foregoing reasons, the motion will be denied.

**NOW, THEREFORE**, this 16th day of December, 2010, **IT IS HEREBY ORDERED** that Defendants, James and Patricia Renehan's Motion for Judgment on the Pleadings (Doc. 44) is **DENIED**.

                              /s/ A. Richard Caputo
                              A. Richard Caputo
                              United States District Judge