UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL ALLEN BYRAM, Administrator/Natural Father of the Estate of JOHNATHON BYRAM, deceased<br>    Plaintiff<br><br>v.<br><br>MARK T. RENEHAN;<br>THOMAS (TODD) S. RENEHAN;<br>BETH L. RENEHAN; JAMES RENEHAN; PATRICIA RENEHAN and<br>JOSEPH CONNORS, JR.<br>    Defendants | CIVIL ACTION<br>NO.: 3:10-CV-593 |

**BRIEF IN SUPPORT OF
DEFENDANTS, JAMES AND PATRICIA RENEHAN'S
MOTION FOR RECONSIDERATION OF THE COURT'S
MEMORANDUM ORDER DATED DECEMBER 16, 2010**

Defendants, James and Patricia Renehan, hereby submit this Brief in Support of its Motion for Reconsideration of this Honorable Court's Memorandum Order dated December 16, 2010, which dismissed Defendants, James and Patricia Renehan's Motion for Judgment on Specific Pleadings. Moving Defendants, James and Patricia Renehan, request reconsideration only of that part of the Court's Order which dismissed their Motion for Judgment on Specific Pleadings. Upon reconsideration, Defendants, James and Patricia Renehan, respectfully request that this Court grant their Motion to Dismiss only the Plaintiff's allegations contained in its Civil Action, Paragraphs 80 (e), (g), (h), (i), (j), (k), (l), (m), (n) and (p) only.

**I.    PROCEDURAL HISTORY / STATEMENT OF FACTS**

The above-entitled action was commenced against various defendants, including moving Defendants, James and Patricia Renehan, by Complaint filed on March 17, 2010 by Plaintiff, Daniel

Allen Byram, Administrator/Natural Father of the Estate of Johnathon Byram, deceased. Service of the Complaint was subsequently made upon Defendants, James and Patricia Renehan. Among other causes of action, Plaintiff's Complaint contains specific allegations against James and Patricia Renehan alleging that James and Patricia Renehan are responsible for the conduct of Mark Renehan in causing injuries to Decedent, Johnathon Byram, as a result of Defendants, James and Patricia Renehan serving alcoholic beverages to Mark Renehan at a Fourth of July party on their premises. A copy of Plaintiff's Complaint was attached to Defendants' Motion and marked as Exhibit "A."

In the Answer of Defendants, James and Patricia Renehan, to Plaintiff's Civil Action, they alleged in Affirmative Defenses that at all times relevant to this lawsuit, Defendant Mark Renehan was over the age of 21 years, and therefore was not a minor at any time relevant to this lawsuit. No responses were made to this Affirmative Defense; and in addition, Defendants, James and Patricia Renehan, attached to their Motion for Judgment on the Pleadings a copy of the Police Report indicating the date of birth of Defendant Mark Renehan. On the Police Report, Mark Renehan's date of birth is listed as April 17, 1988. The accident which is the gravamen of this lawsuit occurred on July 5, 2009. There is no issue as to the fact that Defendant Mark Renehan was over the age of 21 years at the time this accident occurred.

In addition to allegations that Defendants, James and Patricia Renehan, were responsible for the conduct of Mark Renehan, other allegations were made of negligence and violation of Pennsylvania Liquor Control regulations.

Moving Defendants' Motion for Judgment on the Pleadings did not seek to dismiss all allegations against Defendants, James and Patricia Renehan, but only those specific allegations relating to the alleged responsibility under the Pennsylvania Social Host laws relating to the responsibility

of social hosts in serving alcohol on Defendants' premises to persons who are over 21 years of age who, as a result of the ingestion of that alcohol, caused harm to others.

The Court's Memorandum Opinion indicated, "There also remains an issue of Mark Renehan's age at the time of this incident." Defendants, James and Patricia Renehan, respectfully request that this Honorable Court review the allegations of the Plaintiff's Complaint, the Defendants' Answer to the Complaint, and the attached Police Report, and find as a matter of law that Mark Renehan was over the age of 21 at the time of the Decedent's accident of July 5, 2009.

A fair and impartial reading of Plaintiff's Civil Action, Paragraphs 80 (e), (g), (h), (i), (j), (k), (l), (m), (n) and (p) indicates that the Plaintiff is seeking damages from Defendants, James and Patricia Renehan, as a result of the alleged negligent conduct of Defendant Mark Renehan who was allowed to consumer alcoholic beverages at a Fourth of July party at Defendants, James and Patricia Renehan's premises.

Moving Defendants, James and Patricia Renehan, respectfully request that this Honorable Court reconsider its Order and find that as a matter of law James and Patricia Renehan cannot be liable to the Plaintiff on any specific allegation alleging that they are responsible for the conduct of Mark Renehan, who was over the age of 21 years at the time of the Decedent's fatal accident.

**II.     STANDARD OF REVIEW**

The Supreme Court of the United States has noted that F.R.C.P. 59(e) was adopted "to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't. of Employment Sec.*, 455 U.S. 445, 450 (1982). Ultimately, under F.R.C.P. 59(e), a court's task is to balance the interest of finality with the interest that a just result be achieved. *In re: Alan R. Stuart*, 402 B.R. 111, 120 (Bankr. E.D.Pa. 2009) (citing *Day v. The Krystal Co.*, 241 F.R.D. 474, 476 (E.D.Tenn. 2007) and *Jacobs v.*

*Elec. Data Sys. Corp.*, 240 F.R.D. 595, 600 (M.D.Ala. 2007)).  A motion for reconsideration must be based upon at least one of the following three grounds:  1) an intervening change in controlling law;  2) new evidence not previously available; or  3) the need to "correct a clear error of law or fact or to prevent manifest injustice."  *See, Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

With respect to the third ground for reconsideration –the ground relied upon by Defendants, James and Patricia Renehan– it has been stated that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked –matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  In this regard, courts have granted reconsideration thereunder for errors of law, as well as errors of fact.  *See, In re: Alan R. Stuart*, supra, 402 B.R. at 120-121 (court granted 59(e) reconsideration where it had committed error of law in failing to recognize that additional legal grounds for relief from the automatic stay existed, and failing to consider factual circumstances supporting); *Motor Veh. Mfrs. Ass'n., Inc. v. N.Y. State Dep't. of Envtl. Conserv.*, 831 F.Supp. 57, 60 (N.D.N.Y. 1993) (Rule 59(e) motion properly granted when the court overlooked matters and controlling decisions that might have materially affected earlier ruling, including affidavits submitted by defendants' experts, which created material issues of fact precluding summary judgment in plaintiffs' favor).  *See also e.g.*:  *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997) (59(e) motion properly granted because order denying enforcement of subpoena was based on court's erroneous understanding of relevance of information sought); *Norman v. Ark. Dep't of Educ., et al.*, 79 F.3d 748, 750 (8th Cir. 1996) (abuse of discretion when court refused to set aside dismissal order based on erroneous belief that pro se plaintiff failed to timely respond to court inquiry); *Shrader*, 70 F.3d at 257 (court held that, in

light of party's "introduction of additional relevant case law and substantial legislative history," district court's decision to reconsider its earlier ruling was not an abuse of discretion); *Mobil Oil Corp. v. Amoco Chem. Co.*, 915 F.Supp. 1333, 1377 (D.Del. 1995) (motion to amend damage award necessary to prevent manifest injustice when prevailing patentee failed to introduce proper calculations and court's determination applied wrong measure); *Atlantic States Legal Foundation, Inc. v. Karg Bros., Inc.*, 841 F.Supp. 51, 53, 55 (N.D.N.Y. 1993) (F.R.C.P. 59(e) motion properly granted when party shows that ruling based on misunderstanding or regulatory scheme).

III.  **STATEMENT OF QUESTIONS INVOLVED**

A.  Where, in his Complaint, Plaintiff has alleged that Defendants, James and Patricia Renehan, are responsible for the negligent conduct of Defendant Mark Renehan as a result of serving intoxicating beverages to Mark Renehan, who was an adult at the time of the alleged occurrence and Pennsylvania Social Host Responsibility laws indicate that a social host cannot be responsible for the conduct of an adult served intoxicating beverages by the social host, must reconsideration be granted?

Suggested Answer:   Yes.

B.  Is reconsideration warranted where this Honorable Court misapprehended and/or overlooked that Defendants, James and Patricia Renehan, were not seeking a complete dismissal of the cause of action against them, but only those specific paragraphs of Plaintiff's Civil Action, i.e., Paragraphs 80 (e), (g), (h), (i), (j), (k), (l), (m), (n) and (p) only –those specific allegations relating to the alleged responsibility of James and Patricia Renehan for the actions of an adult who had been served alcoholic beverages by them?

Suggested Answer:   Yes.

C.  Is reconsideration warranted where this Honorable Court stated, "There also remains an issue of Mark Renehan's age at the time of the incident" and the fair and plain reading of the Plaintiff's Complaint, the Defendants' Answer and Affirmative Defenses, and the copy of the Police Report attached to the Motion for Judgment on the Pleadings clearly indicates that Defendant Mark Renehan was over the age of 21 when this accident occurred?

Suggested Answer:   Yes.

IV. **ARGUMENT**

    A. **Reconsideration must be granted where Plaintiff has alleged that Defendants, James and Patricia Renehan, are responsible for the negligent conduct of Defendant Mark Renehan where the social host responsibility laws of the Commonwealth of Pennsylvania clearly indicate that a social host cannot be responsible for the negligent conduct of an adult served alcoholic beverages by the social host.**

Moving Defendants, James and Patricia Renehan, respectfully request that this Honorable Court reconsider its decision relating to the specific paragraphs of the Plaintiff's Civil Action where it is alleged that moving Defendants, James and Patricia Renehan, were responsible for the conduct of Mark Renehan. Moving Defendants did not seek to dismiss all causes of action against them, but only those specific paragraphs where Plaintiff alleged that Defendants, James and Patricia Renehan, were responsible for the conduct of Mark Renehan.

Moving Defendants direct the Court's attention to the Supreme Court of Pennsylvania's decision in *Congini v. Porterville Valve Company*, 470 A.2d 515 (Pa. 1983). In the *Congini* decision, the Supreme Court reevaluated and reapplied their previous ruling in the case of *Klein v. Raysinger*, 470 A.2d 507 (Pa. 1983). The Pennsylvania Supreme Court in the *Klein* and *Congini* decisions, have consistently found, "There can be no liability on the part of a social host who serves alcoholic beverages to his or her adult guests." *Id*.

Defendants, James and Patricia Renehan, concede that there are allegations in the Plaintiff's Complaint that survive the instant Motion for Judgment on the Pleadings. Moving Defendants, James and Patricia Renehan, are not seeking complete dismissal of the Plaintiff's cause of action against them, but only dismissal of the specific factual allegations alleging that they are responsible as social hosts for the conduct of Defendant Mark Renehan, who was an adult at the time of the accident of July 5, 2009.

The allegations that James and Patricia Renehan are responsible as a result of serving alcoholic beverages to Decedent, Johnathon Byram, and Defendant Joseph Connors, Jr. will survive the granting of moving Defendants' Motion for a Limited Judgment on the Pleadings.

Moving Defendants, James and Patricia Renehan, aver that as to the allegations that they are responsible for the conduct of Mark Renehan, the specific allegations contained in Paragraphs 80 (e), (g), (h), (i), (j), (k), (l), (m), (n) and (p) must be dismissed as a matter of law consistent with the Pennsylvania Supreme Court decisions in the *Congini* and *Klein* decisions cited above.

**B.     Reconsideration must be granted where the Court has found that there is still an issue of fact as to whether or not Defendant Mark Renehan was over the age of 21 years at the time this incident occurred, when the moving Defendants, James and Patricia Renehan, pled as an affirmative defense that the Defendant Mark Renehan was, in effect, an adult at the time this incident occurred, and the attached Commonwealth of Pennsylvania Police Report clearly indicates the age of Defendant Mark Renehan and his date of birth, which would indicate that, at all times relevant to the claims alleged by the Plaintiff, Defendant Mark Renehan was over 21 years old and therefore an adult.**

Moving Defendants, James and Patricia Renehan, respectfully request that this Honorable Court reconsider its position that there is an issue of fact as to whether or not Defendant Mark Renehan was over the age of 21 year at the time this incident occurred. Moving Defendants, James and Patricia Renehan, properly pled in an affirmative defense that Defendant Mark Renehan was born on April 17, 1988. The Police Report attached to Defendants' Motion for Judgment on the Pleadings, which is a matter of public record and can be reviewed by the Court, clearly indicates Mark Renehan's date of birth as April 17, 1988. There can be no dispute that Defendant Mark Renehan was an adult at all times relevant to this lawsuit.

WHEREFORE, moving Defendants, James and Patricia Renehan, respectfully request that this Honorable Court reconsider its Order of December 16, 2010 and issue and Order dismissing Plaintiff's specific allegations contained in Paragraphs 80 (e), (g), (h), (i), (j), (k), (l), (m), (n) and (p) on the basis that moving Defendants, James and Patricia Renehan, cannot be responsible for the

conduct of an adult under the Pennsylvania Social Host Responsibility laws and that Defendant Mark Renehan was an adult and over the age of 21 years old at the time this accident occurred.

                                                  Respectfully submitted,

                                                  **MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN**

                                                  By:    /s/ *John S. Tucci, Jr.*
                                                            JOHN S. TUCCI, JR., ESQUIRE
                                                            Attorney for Defendants,

Date:   12/30/10                                                     James and Patricia Renehan

01/6496565.v1