# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL ALLEN BYRAM, Administrator of the Estate and Natural Father of JOHNATHON BYRAM, deceased, | CIVIL ACTION NO. 3:10-CV-593 |
| Plaintiff | |
| v. | (JUDGE CAPUTO) |
| MARK T. RENEHAN; THOMAS (a/k/a TODD) S. RENEHAN; BETH L. RENEHAN; JAMES RENEHAN; PATRICIA RENEHAN and JOSEPH CONNORS, Jr., | |
| Defendants | |

## MEMORANDUM

Presently before the Court is Defendants James and Patricia Renehan's Motion for Reconsideration (Doc. 51) of the Court's Memorandum Order dated December 16, 2010 (Doc. 49). For the reasons stated below, the Motion will be granted.

## BACKGROUND

The instant suit arises out of a tragic RUV accident which took place on July 4, 2009. Plaintiff's decedent, Johnathon Byram, was staying at Defendant Mark Renehan's parents' home over the 4th of July weekend. After a night of alleged drinking at the home of the Defendants James and Patricia Renehan, Defendant Mark Renehan and Defendant Joseph Connors put Byram into an RUV owned by Defendant Mark Renehan's parents and proceeded back to Defendant Mark Renehan's parents' home. Along the way, the RUV flipped over and Byram was ejected from the vehicle and killed. Defendant Mark Renehan's parents then allegedly moved Byram's body, told Defendant Mark Renehan and Defendant

Connors to take showers, and put the RUV in the garage of their home, before calling 911. Plaintiff's Complaint was filed on March 17, 2010. (Doc. 1.)

Plaintiff Daniel Allen Byram, Administrator of the Estate and Natural Father filed his Complaint on March 17, 2010. Among other causes of action, Plaintiff's Complaint contains specific allegations against Defendants James and Patricia Renehan claiming that they are responsible for the conduct of Mark Renehan in causing injuries to Decedent, Johnathon Byram, as a result of their serving alcoholic beverages at a Fourth of July party on their premises. Defendants James and Patricia Renehan filed a Motion for Judgment on the Pleadings as to the issue of whether they could be responsible for the alleged negligence and carelessness of Defendant Mark Renehan since he was over the age of twenty-one (21) at the time of the fatal accident. (Doc. 44.) The Court denied this Motion in a Memorandum Order entered December 16, 2010. (Doc. 49.) Defendants James and Patricia Renehan then filed a Motion for Reconsideration on December 30, 2010. (Doc. 51.) Defendants claim in their Motion for Reconsideration that they are entitled to Judgment on the Pleadings with respect to the specific allegations against them contained in Paragraphs 80 (e), (g), (h), (I), (j), (k), (l), (m), (n), and (p) of Plaintiff's Complaint relating to their responsibility over Defendant Mark Renehan. The basis of their Motion is that under Pennsylvania law a social host cannot be responsible for the conduct of an adult served intoxicating beverages by the social host and Defendants have stated in their Affirmative Defenses to Plaintiff's Complaint, and supported with the police report taken at the time of the accident, that Defendant Mark Renehan was twenty-one (21) years old at the time of the accident.

2

## **LEGAL STANDARD**

**I.      Motion for Reconsideration**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). The reconsideration of a judgment is an extraordinary remedy, and such motions are granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

## II. Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. Pursuant to Federal Rule of Civil Procedure 12(c), judgment on the pleadings will be granted only if "the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir.2005) (citing *Society Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir.1980)). The court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* A party may move for judgment on the pleadings "[a]fter the pleadings are closed-but early enough not to delay trial." Fed. R. Civ. P. 12(c). The pleadings are closed after an answer is filed, along with a reply to any additional claims asserted in the answer. *Austin Powder Co. v. Knorr Contracting, Inc.*, 2009 WL 773695, at *1 (M.D.Pa. Mar. 20, 2009). If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. Fed. R. Civ. P. 12(c).

## **DISCUSSION**

Defendants James and Patricia Renehan's Motion for Reconsideration will be granted in order to prevent a clear error of law. Under Pennsylvania law, a social host cannot be liable for serving alcoholic beverages to his or her adult guests. *Cogini v. Portersville Valve Co*. Here, Defendants stated in their Affirmative Defenses that Mark Renehan was twenty-one (21) at the time of the fatal accident and have supported their

4

pleading with a copy of the police report from the accident which indicates Mark Renehan's date of birth as April 17, 1988.  Plaintiff has not presented any evidence that controverts Defendants' evidence and thus would create an issue of material fact as to whether Defendant Mark Renehan was in fact twenty-one (21) at the time of the accident.  Therefore, Defendants are entitled to Judgment on the Pleadings with respect to the specific allegations in Plaintiff's Complaint contained in Paragraphs 80 (e), (g), (h), (I), (j), (k), (l), (m), (n), and (p).  While the allegations outlined in these paragraphs will be dismissed, the rest of the allegations against Defendants James and Patricia Renehan set forth in Plaintiff's Complaint remain pending.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Reconsideration (Doc. 51) will be granted.  An appropriate order follows.

| | |
|---|---|
| 3/17/11<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL ALLEN BYRAM, Administrator of the Estate and Natural Father of JOHNATHON BYRAM, deceased, | CIVIL ACTION NO. 3:10-CV-593 |
| Plaintiff | |
| v. | (JUDGE CAPUTO) |
| MARK T. RENEHAN; THOMAS (a/k/a TODD) S. RENEHAN; BETH L. RENEHAN; JAMES RENEHAN; PATRICIA RENEHAN and JOSEPH CONNORS, Jr., | |
| Defendants | |

## ORDER

**NOW**, this   17th   day of March, 2011, **IT IS HEREBY ORDERED** that Defendants James and Patricia Renehan's Motion for Reconsideration (Doc. 51) is **GRANTED**.

 

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge