## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL ALLEN BYRAM, Administrator of the Estate and Natural Father of JOHNATHON BYRAM, deceased, | CIVIL ACTION NO. 3:10-CV-593 |
| Plaintiff | (JUDGE CAPUTO) |
| v. | |
| MARK T. RENEHAN; THOMAS (a/k/a TODD) S. RENEHAN; BETH L. RENEHAN; JAMES RENEHAN; PATRICIA RENEHAN and JOSEPH CONNORS, Jr., | |
| Defendants | |

## MEMORANDUM

Third-party defendant Manchester Township ("Manchester") moves to dismiss third-party plaintiffs Mark, Thomas, and Beth Renehan's ("the Renehans") complaint. The Renehans have filed suit against Manchester to hold it liable in the death of Johnathon Byram. The Renehans allege that Manchester improperly maintained Minkler Mountain Road, creating an unsafe condition that caused the death of Mr. Byram. Manchester argues it is immune from suit under the Pennsylvania Political Subdivision Tort Claims Act ("PPSTCA"). Manchester additionally argues the Renehans have failed to properly plead an exception to the PPSTCA. The Court disagrees with Manchester and will deny its motion.

## BACKGROUND

The underlying suit arises out of a tragic RUV accident which took place on July 4, 2009. Plaintiff's decedent, Johnathon Byram, was staying at defendant\third-party plaintiff

Mark Renehan's parents' home over the Fourth of July weekend. After an alleged night of drinking at the home of defendants James and Patricia Renehan, defendant Mark Renehan and defendant Joseph Connors put Byram into an RUV owned by Mark's parents and proceeded back to Mark's parents' home. Along the way, the RUV flipped over and Byram was ejected from the vehicle and killed. Mr. Byram then filed a complaint on behalf of Johnathon on March 17, 2010 (Doc. 1), accusing all the defendants of negligence.

On July 13, 2011, the Renehan's filed a third-party complaint against Manchester. The third-party complaint alleges Manchester was working on Minkler Mountain Road. Shortly before the accident, the Township allegedly placed gravel "in the travel portion of the roadway" – creating an unsafe condition that ultimately caused the accident. Manchester then moved to dismiss the third-party complaint. Manchester argues it is immune under the PPSTCA and that the Renehans have not adequately pled any exceptions to the Act. The motion has been fully briefed and is ripe for review.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a

complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,*

416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## **DISCUSSION**

Section 8541 of the Tort Claims Act, 42 Pa.C.S. § 8541, shields local agencies from liability for any damages on account of any injury to a person or property unless liability is imposed upon the local agency by one of the exceptions to governmental immunity enumerated in § 8542. Those exceptions must be strictly construed because the legislature, when enacting the Tort Claims Act, clearly intended to insulate local agencies from liability except in specifically defined situations. *Kiley v. City of Philadelphia*, 537 Pa. 502, 645 A.2d 184 (1994). The "real property" exception deals with suits involving property – including buildings, sidewalks, and streets – owned by an agency. *See* § 8542(b)(3). More specifically, § 8542(b)(6)(1), the "streets" exception, provides that the following act may result in the imposition of liability on a local agency:

> A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

When the real property exceptions were first construed, the analysis focused on whether the governmental conduct *created* or allowed a "dangerous condition" to be maintained that should have been corrected. But in *Mascaro v. Youth Study Center*, the Pennsylvania Supreme Court established that a "dangerous condition of" the real estate had to be one that was *inherent* in the property and directly caused the injury. 514 Pa. 351

4

(1987). The *Mascaro* test changed the focus of the analysis from an examination of whether a condition was "dangerous" to whether the condition was "of" the property.

> The change in focus also changed the question from one of fact to one of law. Because the "dangerous condition" was known and because the plaintiff was required to plead it in the complaint, whether it was "of" the real property involved nothing more than a legal interpretation of whether known conduct fell within the words of an exception.

*Osborne v. Cambridge Twp.*, 736 A.2d 715 (Pa. Cmwlth. 1999). Subsequently, Pennsylvania courts have interpreted the "streets" exception to the PPSTCA to mean that a dangerous condition of the street causes a person's injuries where the condition arose "*from* the ... street ... rather than from something that has fallen *onto* the ... street...." *Osborne*, 736 A.2d at 724 (emphasis added).

Here, Manchester argues that the gravel placed on the road was similar to snow and ice. Since, like those substances, it was not *part* of the street itself, Manchester is not liable. However, the Renehans argue that the road *itself* is a gravel road, and therefore, the gravel placed on the road would not have been a substance merely placed *onto* the road, it *is* the road. The Court agrees. It therefore finds that Manchester is not immune from liability under the PPSTCA because the real estate exception for township-owned streets applies.

Manchester additionally argues that the Renehans failed to adequately plead that this exception applies, but the Court does not agree. While the pleadings were minimal, they provided sufficient information under the generous provisions of Federal Rule of Civil Procedure 8 to put Manchester on notice as to which exception to the PPSTCA was being invoked. The allegations identify the road; who controlled it; the dangerous condition; and

who created it.  Since Manchester allegedly created the dangerous condition, pleading that it had notice is not required.  *Penn v. Isaly Dairy Co.*, 413 Pa. 548, 198 A.2d 322 (1964) Additionally, although the third-party complaint does not state for which common law cause of action Manchester would be liable, it is obvious from the face of the complaint that it is negligence.

## **CONCLUSION**

Manchester's motion to dismiss the third-party complaint will be denied because the Renehans have adequately pled the Township is not entitled to immunity under the real estate exception to the PPSTCA.

An appropriate order follows.

| | |
|---|---|
| 10/6/11 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DANIEL ALLEN BYRAM, Administrator of the Estate and Natural Father of JOHNATHON BYRAM, deceased, | CIVIL ACTION NO. 3:10-CV-593 |
| Plaintiff | (JUDGE CAPUTO) |
| v. | |
| MARK T. RENEHAN; THOMAS (a/k/a TODD) S. RENEHAN; BETH L. RENEHAN; JAMES RENEHAN; PATRICIA RENEHAN and JOSEPH CONNORS, Jr., | |
| Defendants | |

**ORDER**

**NOW**, this ___6th___ day of October, 2011, **IT IS HEREBY ORDERED** that third-party defendant Manchester Township's motion to dismiss (Doc. 95) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge