IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL ALLEN BYRAM,                    :
Administrator of the Estate            :
and Natural Father of                  :
JOHNATHON BYRAM, deceased,             :
1610 Brimfield Circle                  :
Sykesville, MD  21786                  :
                                       :
            Plaintiff                  :
                                       :
        vs.                            :      CIVIL ACTION - - LAW
                                       :
MARK T. RENEHAN,                       :
15 Weber Road                          :
Norwich, CT    06380                   :
                                       :
and                                    :
                                       :
THOMAS (a/k/a TODD) S. RENEHAN         :
59 Canterbury Way                      :
Basking Ridge, NJ   07920              :
                                       :
and                                    :
                                       :
BETH L. RENEHAN                        :
59 Canterbury Way                      :
Basking Ridge, NJ   07920              :
                                       :                            :
and                                    :
                                       :
JAMES RENEHAN                          :
13 Andrews Road                        :
Malvern, PA   19355                    :

PATRICIA RENEHAN                 :
13 Andrews Road                  :
Malvern, PA   19355              :
                                 :
and                              :
                                 :
JOSEPH CONNORS, JR.              :
1148 Augusta Street              :
Tinton Falls, NJ   07712         :
                                 :
and                              :
                                 :
CYNTHIA RENEHAN CROWLEY          :
736 Ledge Road                   :
Seekonk, MA 02271                :
                                 :
and                              :
                                 :
THOMAS CROWLEY                   :
736 Ledge Road                   :
Seekonk, MA 02271                :
                                 :
and                              :
                                 :
CURTIS SKALLERUP                 :
729 Wyndsor Creek Drive          :
Southlake, TX 76092              :
                                 :
and                              :
                                 :
SUSAN SKALLERUP                  :
729 Wyndsor Creek Drive          :
Southlake, TX 76092              :
                                 :
RICHARD RENEHAN                  :
701 Andrea Ct.                   :
Cheshire, CT 06410-2943          :
                                 :
and                              :
                                 :
SUSAN RENEHAN                    :
701 Andrea Ct.                   :
Cheshire, CT 06410-2943          :
                                 :
and                              :
                                 :

STEVEN RENEHAN             :
50 Wittredge Road          :
Summit, NJ 07901-2828     :
                                   :
           Defendants      :     NO.    3:10-CV-593

## COMPLAINT

AND NOW comes, Daniel Allen Byram, Administrator and Natural Father of the Estate of Johnathon Byram, deceased by and through his counsel, Kevin P. Foley of the law firm of Foley, McLane, Foley, McDonald & MacGregor, P.C., and hereby files this within Complaint, inter alia, to the Wrongful Death Act 42 Pa. C.S.A. §8301, the Survival Act 42 Pa. C.S.A. §8302, and Pa. R.C.P. §2202 and §2204 against the following Defendants: Mark T. Renehan, Thomas (a/k/a Todd) S. Renehan, Beth L. Renehan, James Renehan, Patricia Renehan, Joseph Connors, Cynthia Renehan Crowley, Thomas Crowley, Curtis Skallerup, Susan Skallerup, Richard Renehan, Susan Renehan, and Steven Renehan, and respectfully avers as follows:

**THE PARTIES**:

1.      The Plaintiff, Daniel Allen Byram, is an adult citizen of the State of Maryland with a principal residence at 1610 Brimfield Circle, Sykesville, Maryland, 21786.

2.      Plaintiff, Daniel Allen Byram, is the natural father of Johnathon Byram, deceased, who died on the 5th day of July, 2009 and he was appointed Administrator of the Estate of Johnathon Byram, by virtue of Letters Administration granted on October 13, 2009 by the State of Maryland.

3.      Plaintiff's minor decedent, Johnathon Byram, was survived by his natural father, Daniel Byram, his mother, Rose Byram, and two minor siblings.

4.      Plaintiff's minor decedent, Johnathon Byram, passed away in the Commonwealth of Pennsylvania, on or near T-668 a/k/a Minkler Mountain Road, in the municipality of Manchester Township, Wayne County, Pennsylvania, as a result of the conduct of one or more of the Defendants set forth more specifically in the paragraphs below.

5.      Defendant, Mark T. Renehan is an adult citizen and resident of the State of New Jersey with what is believed to be a current address of 59 Canterbury Way, Basking Ridge, New Jersey and with a previous address as of July, 2009 of 15 Weber Road, Norwich, Connecticut, 06380.

6.      Defendant, Thomas (a/k/a Todd) S. Renehan, is an adult citizen and resident of the Commonwealth of Pennsylvania formerly of New Jersey with a previous address of 59 Canterbury Way, Basking Ridge, New Jersey, currently residing at 26 Long Lane, Malvern, Pennsylvania, 19355 and with an address as of July , 2009 of 895 Tradewinds Bend, Weston, Florida, 33327.

7.      Defendant, Beth L. Renehan, is an adult citizen and resident of the Commonwealth of Pennsylvania formerly of New Jersey with a previous address of 59 Canterbury Way, Basking Ridge, New Jersey, currently residing at 26 Long Lane, Malvern, Pennsylvania, 19355 and with an address as of July , 2009 of 895 Tradewinds Bend, Weston, Florida, 33327.

8.      Defendant, James Renehan, is an adult citizen and resident of the Commonwealth of Pennsylvania with a last known address of 13 Andrews Road, Malvern, Pennsylvania, 19355.

9.      Defendant, Patricia Renehan, is an adult citizen and resident of the Commonwealth of Pennsylvania with a last known address of 13 Andrews Road, Malvern, Pennsylvania, 19355.

10.     Defendant, Joseph Connors, Jr., is an adult citizen and resident of the State of New Jersey with a last known address of 48 Augusta Street, Tinton Falls, New Jersey, 07712.

11.     Defendant Cynthia Renehan Crowley, is upon information and believe, an adult citizen and resident of the State of Massachusetts, with an address of 736 Ledge Road, Seekonk, MA 02271.

12.     Defendant, Thomas Crowley is, upon information and belief, an adult citizen and resident of the State of Massachusetts, with an address of 736 Ledge Road, Seekonk MA 01171.

13.     Defendant, Curtis Skallerup, is upon information and belief, an adult citizen and resident of the State of Texas, with an address of 729 Wyndsor Creek Drive, Southlake, TX 76092.

14.     Defendant, Susan Skallerup is, upon information and belief, an adult citizen and resident of the State of Texas with an address of 729 Wyndsor Creek Drive, Southlake, TX 76092.

15.     Defendant, Richard Renehan, is upon information and belief, an adult citizen and resident of the State of Connecticut, with an address of 701 Andrea Ct., Cheshire, CT 06410-2943.

16.     Defendant, Susan Rehenan is, upon information and belief, an adult citizen and resident of the State of Connecticut, with an address of 701 Andrea Ct., Cheshire, CT 06410-2943.

17.     Defendant Steven Renehan is, upon information and belief, an adult citizen and resident of the State of New Jersey with an address of 50 Wittredge Road, Summit, NJ 07901-2828.

**JURISDICTION**:

18.     Jurisdiction of this Honorable Court is based upon Federal Statute, based upon complete diversity of citizenship of the parties and an amount of controversy in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs pursuant to 28 U.S.C. §§1331 and 1332(a)(1).

**FACTUAL BACKGROUND**:

**INTRODUCTION**:

19.     At all relevant times and specifically on July 4 and 5 of 2009 the Defendants, James Renehan and Patricia Renehan, were the owners of the property and summer home located at 193 Minkler Mountain Road, Minkler Mountain, Wayne County, Pennsylvania (hereinafter referred to as "party house").

20.     On July 4 and 5 of 2009 the Defendants, Thomas Renehan and Beth Renehan, his wife, were the owners of a property and summer home located along Minkler Mountain Road with what is believed and therefore averred to have an official address of 68 Fieldstone Drive, Minkler Mountain, Wayne County, Pennsylvania (hereinafter referred to as "vacation house").

21.     Plaintiff's minor decedent, Johnathon Byram, on July 5, 2009, at the time of his death, was nineteen (19) years of age with a date of birth of September 14, 1989.

22.     The vacation house and party house are approximately four (4) miles apart and on opposite sides of T668 (a/k/a Minkler Mountain Road), Minkler Mountain, Wayne County, Pennsylvania.

23.     On or about July 2, 2009 Plaintiff's minor decedent and Defendant, Joseph Connors, Jr., were invited by the Defendants to and went to stay at the Defendants' summer home for the 4th of July weekend.

24.     It is believed and therefore averred that the Defendant, Joseph Connors, Jr., on July 5, 2009, was the legal age of nineteen (19) with the date of birth of August 25, 1989.

25.     On July 4 and 5 of 2009 the Defendants, Thomas Renehan and Beth Renehan, his wife, were the owners of an unregistered, unlicensed  2008 Kawasaki 750 LE Teryx Recreation Utility Vehicle (hereinafter referred to as "RUV").

26.     The RUV at all times relevant was owned, titled, under the control of and/or supervision of the Defendants, Thomas Renehan and Beth Renehan.

27.     Said RUV was sold to the Defendants with an Owner's Manual delivered to the Defendants at the time of sale along with the RUV.

28.     The Owner's Manual provided to the Defendants provided the following:

    (a)     This vehicle is not an all-terrain vehicle; it is designed and equipped to be a multiuse utility vehicle for off-highway use only.  Use of this vehicle on public roads and paved surfaces is hazardous.  Do not operate this vehicle on public roads or paved surfaces;

    (b)     Always wear . . . and properly fitting D.O.T. approved helmet;

(c)     The vehicle is equipped with three-point seat belts both for the operator and passenger.  Always wear the seat belts when operating and riding in the vehicle;

(d)     This vehicle is designed to carry operator and only one passenger. Never carry persons in the cargo bed;

(e)     Drive Carefully and with Good Judgment.  Improper use of this vehicle can be hazardous.  Never operate at speeds too fast for your skills or conditions.  Handling characteristics of this vehicle change depending upon cargo load and driving modes.

(f)     Never drink and drive.  Alcohol and drugs impair your judgment and slow your reactions.  Even drugs prescribed by a physician can be dangerous.  Check with your doctor.

29.     Said RUV was also equipped with Warning placards on the vehicle which provided the following:

(a)     Never operate at speeds too fast for your skills or conditions. Handling characteristics of this vehicle change depending upon cargo load and driving modes;

(b)     You must read and fully understand instructions in Owner's Manual and warning labels before operating this vehicle;

(c)     Use of this vehicle on public roads and pave surfaces is hazardous. This vehicle is designed and equipped for off-highway use only.  Do not operate this vehicle on public roads or paved surfaces;

(d)     This off-highway vehicle handles and maneuvers differently than an ordinary passenger car.  Sharp high speed turns or abrupt maneuvers can case this vehicle to roll over or go out of control. Use proper driving techniques on hills, in rough terrain, and in water;

(e)     Alcohol and drugs may impair reaction time and judgment.  Never operate this vehicle under influence of alcohol or drugs;

(f)     Always wear … D.O.T. approved helmet;

(g)     Seat belts reduce injuries.  Operator and passenger must always fasten seat belts during vehicle operation;

(h)     Never carry a passenger in the cargo bed;

(i)     This vehicle is designed to carry operator and only one passenger;

(j)     Always be sure to secure cargo before operating to reduce the possibility of cargo moving forward into the occupant compartment during sudden maneuvers, rapid braking or a collision;

(k)     Overloading or improper use of the cargo bed can cause changes in handling which can lead to an accident;

(l)     Cargo Only, no passengers;

(m)     Read your Owner's Manual for additional loading information.

30.     Said RUV, which the Defendants keep at their aforesaid summer home, was equipped with two (2) seats up front, both equipped with working lap and shoulder seat belts, for both the operator and passenger, and a cargo bed in the rear.

31.     The aforesaid RUV was equipped with working three point seatbelts (both lap and chest) for both the driver and the passenger at all times relevant including but not limited to July 4, 2009 and the morning of July 5, 2009, having been installed by the manufacturer, Kawaski, at the time it was manufactured and purchased by the Defendants, Thomas Renehan and Patricia Renehan.

32.     On the evening of July 4, 2009 and the early morning hours of July 5, 2009 the Defendant, Mark Renehan, was operating the RUV owned by the Defendants, Thomas Renehan and Beth Renehan.

33.     On the evening of July 4, 2009 and the early morning hours of July 5, 2009, the aforesaid RUV was being operated by the Defendant, Mark Renehan, with the full knowledge and permission of the Defendants, Thomas Renehan and Beth Renehan.

34.     On July 4, 2009 at approximately 6:00 p.m., the Defendant, Mark Renehan, drove the RUV from the vacation house to the party house.  Plaintiff's minor

decedent and Joseph Connors, Jr. traveled with Defendants Thomas Renehan and

Beth Renehan to the party house in their Cadillac Escalade.

35.     There at the party house the minor Defendant, Joseph Connors, Jr., and

the Defendant, Mark Renehan, and Plaintiff's minor decedent were served alcohol by

the Defendants, James Renehan, Patricia Renehan, Thomas Renehan, Beth Renehan,

Mark Renehan, Cynthia Renehan Crowley, Thomas Crowley, Richard Renehan, Susan

Renehan, Steven Renehan, Curtis Skallerup and/or Susan Skallerup on a continuous

basis from approximately 6:00 p.m. until approximately 2:30 a.m. with the exception of

the brief period where the Defendant, Joseph Connors, Jr., and Plaintiff's minor

decedent left the Defendants, James and Patricia Renehan's property, travelling back to

the vacation house on the RUV to get sweatshirts, where they were gone for

approximately 20 to 30 minutes before returning to the party house where they

remained until approximately 2:30 a.m. the morning of July 5, 2009.

**<u>FACTS BEFORE COLLISION/ROLLOVER</u>:**

36.     On July 4 and 5 of 2009 during the hours of at least 6:00 p.m. until 2:30

a.m. approximately, the Defendants, James Renehan, Patricia Renehan, Thomas

Renehan, Beth Renehan, Mark Renehan, Cynthia Renehan Crowley, Thomas Crowley,

Richard Renehan, Susan Renehan, Steven Renehan, Curtis Skallerup, Susan

Skallerup, served numerous alcoholic beverages to the Defendants Mark Renehan,

Joseph Connors, Jr. and Plaintiff's minor decedent, Johnathon Byram, at the party

house.

37.     The aforesaid RUV was being operated by the Defendant, Mark Renehan,

with the full knowledge and permission of the Defendants, Thomas Renehan and Beth

Renehan, with them knowing that the Defendants, Mark Renehan and Joseph Connors, Jr. and the decedent were or would be consuming alcoholic beverages at the Defendants, James Renehan and Patricia Renehan's, party house.

38.     In the early morning hours of July 5, 2009, after several hours of drinking, the Defendant, Joseph Connors, Jr., assisted the Defendant, Mark Renehan in placing Plaintiff's minor decedent into the aforementioned RUV knowing that the Defendant, Mark Renehan, had been drinking and was intoxicated to such a degree that he was unfit to operate said RUV and knowing that the Plaintiff's minor decedent was incapacitated and unable to take necessary precautions to protect himself.

39.     Despite the RUV being equipped with seatbelts, the Defendant, Joseph Connors, Jr., and the Defendant, Mark Renehan, who it is believed and therefore averred, was himself intoxicated, had placed the Plaintiff's minor decedent, who was incapacitated and unable to even get into the RUV on his own, into the aforementioned RUV in the passenger seat, failing to belt him in with the available three point seatbelt and/or otherwise secure him into the vehicle.

40.     Upon information and belief, at the home of Defendants, James Renehan and Patricia Renehan, prior to leaving and at the time of the aforesaid incident and at all times relevant, Plaintiff's minor decedent was an unbelted, incapacitated passenger in the front seat of the aforesaid RUV.

41.     Immediately prior to the aforementioned collision, the Defendant, Mark Renehan, Defendant, Joseph Connors, Jr., and Plaintiff's minor decedent, Johnathon Byram, were served and consumed numerous alcoholic beverages at the residence of the Defendants, James Renehan and Patricia Renehan.

42.     It is believed and therefore averred that the Defendants, James Renehan, Patricia Renehan, Thomas Renehan, Beth Renehan, Mark Renehan, Cynthia Renehan Crowley, Thomas Crowley, Richard Renehan, Susan Reneahan, Steven Renehan, Curtis Skallerup, and/or Susan Skallerup, willfully served, furnished and/or allowed the consumption of the alcoholic beverages knowing that Plaintiff's minor decedent, Johnathon Byram, was under the age of twenty-one (21).

43.     It is believed and therefore averred that the Defendants, James Renehan, Patricia Renehan, Thomas Renehan, Beth Renehan, Mark Renehan, Cynthia Renehan Crowley, Thomas Crowley, Richard Renehan, Susan Reneahan, Steven Renehan, Curtis Skallerup, and/or Susan Skallerup, willfully served, furnished and/or allowed the consumption of the alcoholic beverages knowing that Joseph Connors, Jr. was under the age of twenty-one (21).

44.     It is believed and therefore averred that the Defendants, James Renehan, Patricia Renehan, Thomas Renehan, Beth Renehan, Mark Renehan, Cynthia Renehan Crowley, Thomas Crowley, Richard Renehan, Susan Reneahan, Steven Renehan, Curtis Skallerup, and/or Susan Skallerup, willfully served, furnished and/or allowed the consumption of the alcoholic beverages to the two minors knowing that they and the Defendant, Mark Renehan, had driven to the party house from the vacation house which are several miles apart and on opposite sides of the T668, Minkler Mountain Road, Manchester Township, Wayne County, Pennsylvania, on the RUV knowing that the Defendant, Mark Renehan, would drive said RUV back to the vacation house in the early morning hours of July 5, 2009 after consuming said alcohol and that he would be intoxicated.

45.     It is believed and therefore averred that the Defendants, James Renehan, Patricia Renehan, Thomas Renehan, Beth Renehan, Mark Renehan, Cynthia Renehan Crowley, Thomas Crowley, Richard Renehan, Susan Reneahan, Steven Renehan, Curtis Skallerup, and/or Susan Skallerup , knew that the Defendant, Mark Renehan, had driven the RUV from the residence of Defendants', Thomas Renehan and Patricia Renehan, with the Defendant, Joseph Connors, and Plaintiff's minor decedent being passengers on said vehicle and served the Defendant, Mark Renehan, Plaintiff's minor decedent and Defendant, Joseph Connors, knowing that Plaintiff's minor decedent and Defendant, Joseph Connors, were underage and would be returning to Defendants, Thomas Renehan and Beth Renehan's, home knowing that the Defendant, Mark Renehan, would be operating said RUV in an intoxicated and unsuitable fashion and further knowing that the vehicle was illegal, unregistered and not equipped with proper lighting to be operated on a public roadway at night and that despite said knowledge, illegally served the alcohol to Plaintiff's minor decedent failing to take any steps whatsoever to protect the Plaintiff's minor decedent in his incapacitated and intoxicated state.

46.     The Defendants, Thomas Renehan and Beth Renehan, negligently entrusted the use of their RUV to the Defendant, Mark Renehan, in that they knew or should have known that the Defendant, Mark Renehan, had a history of reckless, unlawful and otherwise improper conduct which rendered him unfit to operate the RUV.

47.     The Defendants, Thomas Renehan and Beth Renehan, negligently entrusted the use of their RUV to the Defendant, Mark Renehan, in that they knew or should have known that the Defendant, Mark Renehan, would have been operating the

vehicle under the influence of alcohol to such a degree that it would have rendered him unfit to operate said RUV

48.    The Defendants, Thomas Renehan and Beth Renehan, it is believed and therefore averred, knew that the Defendant, Mark Renehan, would operate the RUV illegally and on public roadways and gave him expressed and/or implied permission to do so.

49.    It is believed and therefore averred that at all times relevant, the Defendants, James Renehan, Patricia Renehan, Thomas Renehan, Beth Renehan, Mark Renehan, Cynthia Renehan Crowley, Thomas Crowley, Richard Renehan, Susan Renehan, Steven Renehan, Curtis Skallerup, and/or Susan Skallerup had supplied the alcohol to the Defendant, Mark Renehan, the Defendant, Joseph Connors, Jr., and the Plaintiff's minor decedent for purposes of consumption while at the party house.

50.    At all times relevant it is believed and therefore averred that the Defendant, Mark Renehan, and his minor passengers were consuming alcohol at the party house with the consent and permission of the Defendants, James Renehan, Patricia Renehan, Thomas Renehan, Beth Renehan, Mark Renehan, Cynthia Renehan Crowley, Thomas Crowley, Richard Renehan, Susan Renehan, Steven Renehan, Curtis Skallerup and/or Susan Skallerup.

**MARK RENEHAN'S PRIOR KNOWN RECORD:**

51.    It is believed and therefore averred that at least the Defendant, Thomas Renehan, if not the Defendant, Beth Renehan, were fully aware of the Defendant, Mark Renehan's, propensity to operate motor vehicles in an unsafe manner at the time that

they gave permission to the Defendant, Mark Renehan, to operate their RUV on July 4, 2009 and the early morning hours of July 5, 2009.

52.     The Defendant, Mark Renehan, sometime in 2006 was required by the State of Connecticut, where he is licensed, to attend an Operator Re-Training Program operated by the State of Connecticut for previous misconduct committed while operating a motor vehicle.

53.     The Connecticut Operator Re-Training Program is a driver awareness, driver behavior and attitude modification course required by the State of Connecticut for unsafe drivers.

54.     On or about August 6, 2006, as a result of his previous violations and his failure to attend the four (4) hour Operator Re-Training Program, the Defendant, Mark Renehan's, driving privileges were suspended by the State of Connecticut.

55.     It is believed and therefore averred that the Defendant, Mark Renehan, had at least two (2) previous moving violations while operating a motor vehicle in the State of Connecticut for which the State of Connecticut required him to attend the Operator Re-Training Program in 2006.

56.     On or about January 19, 2007, the Defendant, Mark Renehan, was cited by the State of Connecticut for driving violations of traveling between 81 and 85 mph in a 55 mph zone.

57.     As a result of the Defendant, Mark Renehan's, conduct, on January 19, 2007 the Defendant, Mark Renehan, was ordered again by the State of Connecticut to attend an Operator Re-Training Program.

58.     The Defendant, Mark Renehan, again refused and/or failed to timely participate in the Operator Re-Training Program, as a result of which his driving privileges were suspended during the time period of April 27, 2007 through February 9, 2009.

**THE COLLISION:**

59.     The Defendants, Mark T. Renehan and Joseph Connors, Jr., in the early morning hours of July 5, 2009 had placed the intoxicated and incapacitated Plaintiff's minor decedent in the aforementioned RUV.

60.     In the early morning hours of July 5, 2009, after hours of drinking, Plaintiff's minor decedent was a passenger in the RUV which was being operated by the Defendant driver, Mark Renehan, who was illegally driving the RUV on T668, (a/k/a Minkler Mountain Road) a public roadway, driving at a high rate of speed when he came to a left hand curve in the roadway and hit his brakes hard, traveling off of the left side of the road, striking a ditch with its driver's side ejecting Plaintiff's minor decedent, who was incapacitated due to the alcohol and unbelted, overturning the RUV onto the Plaintiff's minor decedent causing Plaintiff's minor decedent to sustain severe injuries which eventually caused the death of Plaintiff's minor decedent, Johnathon Byram.

61.     Plaintiff's minor decedent, Johnathon Byram, suffered fatal, traumatic injuries when he was ejected from the aforesaid RUV suffering extensive road abrasions (gravel/shale road surface), especially to the back, neck and head, suffering a partial avulsion of the scalp, laceration of the left temporal parietal scalp and avulsion of the left ear.

62.     It is believed and therefore averred that Plaintiff's minor decedent suffered pre-impact fright and conscious pain and suffering immediately prior to and/or after being ejected.

63.     It is believed and therefore averred that sometime around 2:30 a.m. to 3:00 a.m., the aforesaid collision occurred.

64.     The Defendant, Mark T. Renehan then operated the aforementioned RUV, driving at a high rate of speed, without proper lights on the vehicle, on a pitch black evening, down the Defendants', James Renehan and Patricia Renehan's, driveway making a left hand turn and driving along T668, also known as Minkler Mountain Road, on a pitch black road and at a high rate of speed when they came upon a turn in the roadway and the Defendant, Mark Renehan, because of his intoxicated state, because he was operating the vehicle at a high rate of speed, because it was pitch black and/or there were not proper lights on the vehicle, lost control of the vehicle, tipping the vehicle over and ejecting the incapacitated, unbelted decedent from the vehicle where he landed either on the roadway or somewhere off of the roadway sustaining severe injuries followed by the vehicle landing on top of him, causing further injuries.

65.     The aforementioned party at the Defendants, James Renehan and Patricia Renehan's house, started at approximately 6:00 p.m. on July 4, 2009.

66.     It is believed and therefore averred that at the aforementioned date, time and place, the Defendant, Mark Renehan, was operating the aforementioned RUV under the influence of alcohol to such a degree that it rendered him unfit to drive.

**FACTS FOLLOWING THE COLLISION:**

67.     Immediately following the aforesaid collision, the Defendant, Mark Renehan, drove the RUV to the vacation house, leaving Plaintiff's minor decedent, Johnathon Byram, lying on the road at the collision site.

68.     It is believed and therefore averred that following the collision, the Defendant, Mark Renehan, drove the aforesaid RUV to the Defendants, Thomas Renehan and Beth Renehan's, home.

69.     It is believed and therefore averred that following this the Defendants hid the aforesaid RUV in the garage of the Renehan home following which the Defendants, Thomas Renehan and Mark Renehan, returned back to the accident site on a different RUV.

70.     It is believed and therefore averred that at some point after the Defendant Mark Renehan returned home to find his father, the Defendant Thomas Renehan, the Defendant Curtis Skallerup returned with the Defendants Thomas and Beth Renehan to the scene of the accident.

71.     It is believed and therefore averred that the Defendant, Thomas Renehan instructed the Defendant Curtis Skallerup to take Defendants Mark Renehan and Joseph Connors, Jr. to his home and have them shower and clean themselves up before the paramedics and police arrived.

72.     It is believed and therefore averred that following this, the Defendant Beth Renehan drove the Defendants Thomas and Beth Renehans's Cadillac Escalade down to the accident scene, at which point the Defendants, Thomas and Beth Renehan removed the back seat of the vehicle and placed Plaintiff's minor decedent's dead body

in the back of the vehicle, transporting him back to the Defendants, Thomas Renehan and Beth Renehan's, home.

73.    It is believed that they subsequently moved Plaintiff's minor decedent's body from the back of the Cadillac Escalade into the yard of the home.

74.    It is believed that at some point after returning to the home after moving Plaintiff's minor decedent, hiding the RUV and instructing the Defendants, Mark Renehan and Joseph Connors, to shower and change their clothing, that someone from the Defendants, Thomas Renehan and Beth Renehan's, home finally called 911 to report the incident.

75.    After the incident and before the Pennsylvania State Police and/or the paramedics were summoned, it is believed and therefore averred, that the Defendant, Mark Renehan, and the Defendant, Thomas Renehan, had removed the Plaintiff's minor decedent and the RUV from T668 Minkler Mountain Road to 68 Fieldstone Drive, approximately .5 miles east of where the crash occurred.

76.    It is believed and therefore averred that the Defendants, Thomas Renehan and Beth Renehan, knowing that the RUV was unlicensed and unregistered, knowing that it would be unlawful to operate the same on a public roadway and furthermore, knowing that Plaintiff's minor decedent and Defendant, Joseph Connors, Jr., were under the legal age to consume alcohol and had been willfully and illegally supplied alcohol by the Defendants, James Renehan, Patricia Renehan, Thomas Renehan, Beth Renehan, Mark Renehan, Cynthia Renehan Crowley, Thomas Crowley, Richard Renehan, Susan Reneahan, Steven Renehan, Curtis Skallerup, and/or Susan Skallerup and knowing that the Defendant, Mark Renehan, was driving while intoxicated, upon learning of the

incident drove down to the incident location from his residence, took the back seat out of his vehicle and placed Plaintiff's minor decedent in the vehicle, at which time they transported his lifeless body back to 68 Fieldstone Drive where Defendant, Thomas Renehan, knowing that he had been consuming alcohol for several hours prior to the incident, placed a plastic tube into Plaintiff's minor decedent's mouth and shoved it down his throat, tearing apart his epiglottis, following which he called 911 to report the incident.

77. It is believed and therefore averred that at some point after the Defendant Curtis Skallerup returned to Defendants Thomas and Beth Renehan's home, he called the house of Defendant Steven Renehan where Defendants Steven, Richard and Susan Renehan were staying and advised them of the situation.

78. As a result of the phone call, the Defendant Richard Renehan went to Defendants Thomas and Beth Renehans's house and advised Mark not to speak to or cooperate with the police and/or paramedics.

79. By the time the EMTs had arrived at the house, who were the first to arrive in response to the 911 call, the Defendants had hid the RUV in question in the garage and further, the Defendants, Mark Renehan and Joseph Connors, had already showered and changed their clothing.

80. It is believed and therefore averred that Defendants Thomas and Beth Renehan, Curtis and Susan Skallerup and Richard Renehan spoke to the police and paramedics upon arrival, attempting to discourage them from speaking to Defendant Mark Renehan.

81.     After the incident and before the Pennsylvania State Police arrived, the paramedics related that when they arrived at the residence, the Defendant, Mark Renehan, appeared to have just showered and was wearing clean clothes, however, there was an odor of alcohol present coming from him.

82.     The Defendant, Mark Renehan, during a subsequent interview by the Pennsylvania State Police had admitted to the Pennsylvania State Police Officer that he had been drinking and, furthermore, was found to have had the odor of alcohol about him (even after taking a shower and changing his clothing during the time period in between the collision and when the Pennsylvania State Police had arrived at the scene) and was also observed to have had bloodshot eyes, had been visibly shaken, had been swaying, unsteady, confused, his speech seemed short and he was observed to have had difficulty walking, keeping his balance and had a kind of stumble or stammered walk.

83.     At the time that the Pennsylvania State Police attempted to question the Defendant, Mark Renehan, about what had transpired and/or his activities that evening, including his drinking, the Defendants, Thomas Renehan and/or Richard Renehan advised the Pennsylvania State Police that the Defendant, Mark Renehan, was refusing to give any further statements, invoking his 5th Amendment right.

84.     Following the Defendant, Mark Renehan, invoking his 5th Amendment right, the Defendant, Mark Renehan, was taken into custody by the Pennsylvania State Police and transported to the Wayne Memorial Hospital for purposes of taking a blood sample to determine his blood alcohol level.

85.     It is believed and therefore averred that Richard Renehan and/or Todd Renehan also advised Defendant Mark Renehan to refuse to give a blood sample and/or breathalyzer requested for purposes of determining Defendant Mark Renehan's Blood Alcohol Content.

86.     At the Wayne Memorial Hospital, after the Pennsylvania State Police had explained to the Defendant, Mark Renehan his implied consent, the O'Connell warnings, as well as his Miranda rights, with the full knowledge that he could be found guilty of a crime and his driving privileges could be suspended for refusing to consent to testing of his blood for a blood alcohol level, the Defendant, Mark Renehan, refused the Pennsylvania State Police's request for a blood sample at Wayne Memorial Hospital.

## ALLEGATIONS AS TO DEFENDANT, MARK RENEHAN

87.     The aforementioned incident was caused exclusively by the gross, reckless, careless, negligent and indifferent conduct of the Defendants, individually and/or jointly and severally and was not caused by any act or failure to act on the part of either the Plaintiff or Plaintiff's minor decedent.

88.     The gross, reckless, careless, negligent, indifferent, willful and wanton conduct on the part of the Defendant, Mark Renehan, consisted of one or more of the following:

(a)     Operating a vehicle at an excessive and unsafe speed for conditions existing at the time;

(b)     Operating his vehicle in violation of §3361 of the PA Motor Vehicle Code, 75 Pa.C.S.A. in that he was operating the vehicle at a speed greater than was reasonable and  prudent under the then existing conditions, and at a speed greater than would have permitted him

to bring the vehicle to a stop within the assured clear distance ahead;

(c)     Violating §3731 of the Vehicle Code, 75 Pa.C.S.A., by operating the vehicle under the influence of alcohol to such a degree that it rendered him incapable of safe driving;

(d)     Failing to have his vehicle under proper and adequate control at the time of the foregoing incident;

(e)     Operating his vehicle without due regard for the rights and safety of the Plaintiff's minor decedent and the traveling public;

(f)     Supplying alcohol to a minor;

(g)     Driving an unlicensed, unregistered motor vehicle without proper lighting on an unlighted public roadway;

(h)     Violation of 18 Pa.C.S.A. §5510;

(i)     Violation of 18 Pa.C.S.A. §903;

(j)     Violation of 18 Pa.C.S.A. §5105(a)(1-5);

(k)     Violation of 75 Pa.C.S.A. §7721 entitled "*Operation on Streets and Highways*";

(l)     Violation of 18 Pa.C.S.A. §6310.1 entitled "*Selling or Furnishing Liquor or Malt or Brewed Beverages to a Minor*";

(m)     Violation of 18 Pa.C.S.A. §5105 entitled "*Hindering Apprehension or Prosecution*";

(n)     Violation of 75 Pa.C.S.A. §3735 in that he did unintentionally cause the death of another person;

(o)     Driving Under the Influence of Alcohol or Controlled Substance in Violation of 75 Pa.C.S.A. §3735(a);

(p)     Recklessly or with gross negligence cause the death of another person while engaged in a violation of a law of the Commonwealth of Pennsylvania or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic, namely operating an RUV on a roadway in violation of 75 Pa.C.S.A. §7726(a)(1)/7721(a);

(q)     Recklessly or with gross negligence cause the death of another person while engaged in a violation of a law of the Commonwealth of Pennsylvania or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic, namely operating an RUV on a roadway in violation of 75 Pa.C.S.A. §7726(a)(1)/7721(a) said violation being the cause of death of Plaintiff's minor decedent in violation of 75 Pa.C.S.A. §3732(a);

(r)     Operating or actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that rendered him incapable of safely driving, operating or being in actual physical control of the movement of the vehicle;

(s)     Refusing to submit to chemical testing of blood to determine his %BAC in violation of Pa.C.S.A. §3802(a)(1);

(t)     Operating said RUV at an unsafe speed after consuming alcohol resulting in a crash causing death in violation of §2504(a) of the Pa. Crimes Code;

(u)     Recklessly engage in conduct which placed Plaintiff's minor decedent in danger of death by operating said RUV on a roadway at an unsafe speed resulting in a crash after imbibing alcohol in violation of §2705 of the PA Crimes Code;

(v)     Operating a vehicle in willful or wanton disregard for the safety of persons or property by operating said RUV on a roadway at an unsafe speed resulting in a crash after imbibing alcohol in violation of 75 Pa.C.S.A. §3736(a);

(w)     In operating said RUV on a street or highway which is not designated and posted as a snowmobile or an RUV road by the governmental agency having jurisdiction in violation of 75 Pa.C.S.A. §7721(a);

(x)     Operating said RUV at a speed that is unreasonable or improper under existing conditions or in excess of the maximum limits posted for vehicular traffic by operating said RUV on a roadway at an unsafe speed resulting in a crash in violation of 75 Pa.C.S.A. §7726(a)(1);

(y)     Operating said RUV in any careless way as to endanger the person or property of another by operating said RUV on a roadway at an unsafe speed resulting in a crash in violation of 75 Pa.C.S.A. §7726(a)(2);

(z)     Placing the incapacitated Plaintiff's minor decedent in said vehicle;

(aa)    Failing to secure the incapacitated Plaintiff's minor decedent in the RUV by seat belt or shoulder harnesses which were available;

(bb)    Operating said RUV in careless disregard for the safety of persons or property on a roadway at an unsafe speed resulting in a crash causing death in violation of 75 Pa.C.S.A. §3714(a);

(cc)    Negligence per se;

(dd)    Allowing the decedent, Johnathon Byram, to become intoxicated to the point in which he could no longer take care of himself;

(ee)    Failing to take care of the decedent, Johnathon Byram, when he was no longer able to make decisions about his own safety;

(ff)    Failing to intervene when the decedent, Johnathon Byram leave, or was placed by others, into the RUV being driven by Defendant Mark Renehan when it was know that Defendant Mark Renehan had been drinking at the event;

(gg)    Otherwise acting in gross, reckless, careless, negligent, indifferent manner; and

(hh)    Otherwise violating the Statutes of the Commonwealth of Pennsylvania pertaining to the operation of a motor vehicle and/or the Pennsylvania Crimes Code.

## ALLEGATIONS AS TO DEFENDANTS, THOMAS RENEHAN AND BETH RENEHAN

89.     Plaintiff incorporates herein by reference all of the averments contained in the foregoing paragraphs as if the same were fully set forth herein at length.

90.     The gross, reckless, careless, negligent, indifferent, willful and wanton conduct on the part of the Defendants, Thomas Renehan and Beth Renehan, consisted of one or more of the following:

(a)     Supplying alcohol to a minor;

(b) Permitting or allowing the driving of an unlicensed, unregistered motor vehicle without proper lighting on an unlighted public roadway;

(c) Violation of 18 Pa.C.S.A. §5510;

(d) Violation of 18 Pa.C.S.A. §903;

(e) Violation of 18 Pa.C.S.A. §5105(a)(1-5);

(f) Conspiracy to violate  75 Pa.C.S.A. §7721 entitled "*Operation on Streets and Highways*";

(g) Violation of 18 Pa.C.S.A. §6310.1 entitled *"Selling or Furnishing Liquor or Malt or Brewed Beverages to a Minor"*;

(h) Violation of 18 Pa.C.S.A. §5105 entitled *"Hindering Apprehension or Prosecution"*;

(i) Allowing the decedent, Johnathon Byram, to become intoxicated to the point in which he could no longer take care of himself

(j) Failing to take care of the decedent, Johnathon Byram, when he was no longer able to make decisions about his own safety;

(k) Failing to intervene when the decedent, Johnathon Byram placed himself, or was placed by others, into the RUV being driven by Defendant Mark Renehan when it was know that Defendant Mark Renehan had been drinking at the event;

(l) Violation of 75 Pa.C.S.A.  §3735 in that they did unintentionally cause the death of another person;

(m) Conspiracy and/or allowing or permitting the driving of the RUV by another known to be under the influence of alcohol or controlled substance in violation of 75 Pa.C.S.A. §3735(a);

(n) Conspiracy and/or recklessly or with gross negligence cause the death of another person while engaged in a violation of a law of the Commonwealth of Pennsylvania or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic, namely allowing the operating an RUV on a roadway in violation of 75 Pa.C.S.A. §7726(a)(1)/7721(a);

(o) Recklessly or with gross negligence cause the death of another person while engaged in a violation of a law of the Commonwealth

of Pennsylvania or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic, namely operating an RUV on a roadway in violation of 75 Pa.C.S.A. §7726(a)(1)/7721(a) said violation being the cause of death of Plaintiff's minor decedent in violation of Pa.C.S.A. §3732(a);

(p)     Knowingly allowing or permitting the operating or actual physical control of the  movement of a vehicle when it was known or should have been known that the operator had consumed a sufficient amount of alcohol such that rendered him incapable of safely driving, operating or being in actual physical control of the movement of the vehicle;

(q)     Instructing the Defendant Mark Renehan to refuse to submit to chemical testing of blood to determine his %BAC in violation of Pa.C.S.A. §3802(a)(1);

(r)     Conspiracy and/or allowing or permitting operation of  said RUV at an unsafe speed after the driver had consumed  alcohol resulting in a crash causing death in violation of 18 Pa. C.S.A. §2504(a) of the Pa. Crimes Code;

(s)     Conspiracy and/or allowing or permitting Defendant, Mark Renehan, to recklessly engage in conduct which placed Plaintiff's minor decedent in danger of death by operating said RUV on a roadway at an unsafe speed resulting in a       crash after imbibing alcohol in violation of 18 Pa. C.S.A. §2705 of the PA Crimes Code;

(t)     Conspiracy to allow operation of a vehicle in willful or wanton disregard for the safety of persons or property by allowing Defendant, Mark Renehan, to operate said RUV on a roadway at an unsafe speed resulting in a crash after imbibing alcohol in violation of 75 Pa.C.S.A. §3736(a);

(u)     Conspiracy to allow operation of said RUV on a street or highway which is not designated and posted as a snowmobile or an RUV road by the governmental agency having jurisdiction in violation of 75 Pa.C.S.A. §7721(a);

(v)     Conspiracy to allow operation of said RUV at a speed that is unreasonable or improper under existing conditions or in excess of the maximum limits posted for vehicular traffic by operating said RUV on a roadway at an unsafe speed resulting in a crash in violation of 75 Pa.C.S.A. §7726(a)(1);

(w)     Conspiracy to allow operation of said RUV in any careless way as
        to endanger the person or property of another by operating said
        RUV on a roadway at an unsafe speed resulting in a crash in
        violation of 75 Pa.C.S.A. §7726(a)(2);

(x)     Conspiracy and/or operation of said RUV in careless disregard for
        the safety of persons or property on a roadway at an unsafe speed
        resulting in a crash causing death in violation of 75 Pa.C.S.A.
        §3714(a);

(y)     Permitting the Defendant, Mark Renehan, to use their vehicle when
        they knew or should have known that he would drive in a gross,
        reckless, wanton, negligent and careless manner;

(z)     Failing to properly supervise the Defendant, Mark Renehan;

(aa)    Knowing and willfully allowing Defendant, Mark Renehan, to
        operate the vehicle in a dangerous manner in clear violation of the
        explicit written instructions given to them by the manufacturer and
        seller of the RUV;

(bb)    Allowing the Defendant, Mark Renehan, to operate their motor
        vehicle when they knew or should have known that he would use
        alcohol before, during and while driving said vehicle to the point
        that such alcohol would render him incapable of safe operation of
        the motor vehicle;

(cc)    Failing to use due care and caution in trusting and allowing the
        Defendant, Mark Renehan, to drive their vehicle when they knew or
        should have known that he would drive in a gross, wanton,
        negligent, reckless and careless manner;

(dd)    Otherwise violating the Statutes of the Commonwealth of
        Pennsylvania pertaining to the operation of a motor vehicle and/or
        the Pennsylvania Crimes Code;

(ee)    Otherwise allowing the Defendant, Mark Renehan, to operate their
        vehicle in a gross, wanton, careless, negligent manner as may be
        determined through the course of discovery; and

(ff)    Otherwise allowing the Defendant, Mark Renehan, to operate their
        vehicle in violation of the Statutes of the Commonwealth of
        Pennsylvania and/or the Ordinances of Wayne County.

## ALLEGATIONS AS TO DEFENDANTS,
## JAMES RENEHAN AND PATRICIA RENEHAN

91.     Plaintiff incorporates herein by reference all of the averments contained in the foregoing paragraphs as if the same were fully set forth herein at length.

92.     The gross, reckless, careless, negligent, indifferent, willful and wanton conduct on the part of the Defendants, James Renehan and Patricia Renehan, consisted of one or more of the following:

(a)     Violation of 18 Pa. C.S.A. § 6310, pertaining to the furnishing of liquor, malt or brewed beverages to a person who was less than 21 years of age

(b)     Violation of  Pa.C.S.A. §6310.1, pertaining to the furnishing of liquor, malt or brewed beverages to a person who was less than 21 years of age;

(c)     Violation of 18 Pa.C.S.A. §6310.1 entitled *"Selling or Furnishing Liquor or Malt or Brewed Beverages to a Minor"*;

(d)     Violation of 75 Pa.C.S.A. §3735 in that they did unintentionally cause the death of another person;

(e)     Conspiracy and/or allowing or permitting the driving of the RUV by another known to be under the influence of alcohol or controlled substance in violation of 75 Pa.C.S.A. §3735(a);

(f)     Conspiracy and/or recklessly or with gross negligence causing the death of another person while engaged in a violation of a law of the Commonwealth of Pennsylvania or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic, namely allowing the operating an RUV on a roadway in violation of 75 Pa.C.S.A. §7726(a)(1)/7721(a);

(g)     Conspiracy and/or allowing or permitting the Defendant, Mark Renehan, to operate said RUV at an unsafe speed after consuming alcohol resulting in a crash causing death in violation of §2504(a) of the Pa. Crimes Code;

(h)     Conspiracy and/or allowing or permitting the Defendant, Mark Renehan, to recklessly engage in conduct which placed Plaintiff's minor decedent in danger of death by operating said RUV on a roadway at an unsafe speed resulting in a crash after imbibing alcohol in violation of §2705 of the PA Crimes Code;

(i)     Conspiracy and/or allowing or permitting the Defendant, Mark Renehan, to operate a vehicle in willful or wanton disregard for the safety of persons or property by operating said RUV on a roadway at an unsafe speed resulting in a crash after imbibing alcohol in violation of 75 Pa.C.S.A. §3736(a);

(j)     Conspiracy and/or allowing or permitting the Defendant, Mark Renehan, to operate said RUV on a street or highway which is not designated and posted as a snowmobile or an RUV road by the governmental agency having jurisdiction in violation of 75 Pa.C.S.A. §7721(a);

(k)     Conspiracy and/or allowing or permitting the Defendant, Mark Rehenan to operate said RUV at a speed that is unreasonable or improper under existing conditions or in excess of the maximum limits posted for vehicular traffic by operating said RUV on a roadway at an unsafe speed resulting in a crash violation of 75 Pa.C.S.A. §7726(a)(1);

(l)     Conspiracy and/or allowing or permitting the Defendant, Mark Rehenan to operate said RUV in any careless way as to endanger the person or property of another by operating said RUV on a roadway at an unsafe speed resulting in a crash in violation of Pa.C.S.A. §7726(a)(2);

(m)     Conspiracy and/or allowing or permitting the Defendant, Mark Rehenan to place the incapacitated Plaintiff's minor decedent in said vehicle knowing the above;

(n)     Conspiracy and/or allowing or permitting the Defendant, Mark Rehenan to operate said RUV in careless disregard for the safety of persons or property on a roadway at an unsafe speed resulting in a crash causing death in violation of 75 Pa.C.S.A. §3714(a);

(o)     Allowing the decedent, Johnathon Byram, to become intoxicated to the point in which he could no longer take care of himself

(p)     Failing to take care of the decedent, Johnathon Byram, when he was no longer able to make decisions about his own safety;

(q)     Failing to intervene when the decedent, Johnathon Byram placed himself, or was placed by others, into the RUV being driven by Defendant Mark Renehan when it was know that Defendant Mark Renehan had been drinking at the event;

(r)    Otherwise acting in gross, reckless, careless, negligent, indifferent manner; and

(s)    Otherwise violating the Statutes of the Commonwealth of Pennsylvania pertaining to the operation of a motor vehicle and/or the Pennsylvania Crimes Code.

## ALLEGATIONS AS TO DEFENDANT, JOSEPH CONNORS, JR.

93.    Plaintiff incorporates herein by reference all of the averments contained in the foregoing paragraphs as if the same were fully set forth herein at length.

94.    The gross, reckless, careless, negligent, indifferent, willful and wanton conduct on the part of the Defendant, Joseph Connors, Jr., consisted of one or more of the following:

(a)    Placing the incapacitated Plaintiff's minor decedent in the RUV without belting him in;

(b)    Placing the incapacitated Plaintiff's minor decedent in the RUV knowing that the driver was drinking and unfit to safely operate the RUV

(c)    Placing the incapacitated Plaintiff's minor decedent in the RUV knowing that it was unsafe and dangerous to the decedent;

(d)    Failing to protect the incapacitated Plaintiff's minor decedent against unreasonable risk of physical harm;

(e)    Failing to take reasonable steps to protect the incapacitated Plaintiff's minor decedent against unreasonable risk of physical harm;

(f)    Conspiracy and/or allowing or permitting the driving of the RUV by another known to be under the influence of alcohol or controlled substance in violation of 75 Pa.C.S.A. §3735(a);

(g)    Conspiracy and/or recklessly or with gross negligence cause the death of another person while engaged in a violation of a law of the Commonwealth of Pennsylvania or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic,

namely allowing the operating an RUV on a roadway in violation of 75 Pa.C.S.A. §7726(a)(1)/7721(a);

(h)     Conspiracy and/or allowing or permitting operation of said RUV at an unsafe speed after the driver had consumed  alcohol resulting in a crash causing death in violation of §2504(a) of the Pa. Crimes Code;

(i)     Conspiracy and/or allowing or permitting the Defendant, Mark Rehenan to operate recklessly engage in conduct which placed Plaintiff's minor decedent in danger of death by operating said RUV on a roadway at an unsafe speed resulting in a crash after imbibing alcohol in violation of §2705 of the PA Crimes Code;

(j)     Conspiracy to allow operation of a vehicle in willful or wanton disregard for the safety of persons or property by operating said RUV on a roadway at an unsafe speed resulting in a crash after imbibing alcohol in violation of 75 Pa.C.S.A. §3736(a);

(k)     Conspiracy to allow operation of said RUV on a street or highway which is not designated and posted as a snowmobile or an RUV road by the governmental agency having jurisdiction in violation of 75 Pa.C.S.A. §7721(a);

(l)     Conspiracy to allow operation of said RUV at a speed that is unreasonable or improper under existing conditions or in excess of the maximum limits posted for vehicular traffic by operating said RUV on a roadway at an unsafe speed resulting in a crash in violation of 75 Pa.C.S.A. §7726(a)(1);

(m)     Conspiracy to allow operation of said RUV in any careless way as to endanger the person or property of another by operating said RUV on a roadway at an unsafe speed resulting in a crash in violation of 75 Pa.C.S.A. §7726(a)(2);

(n)     Conspiracy to and/or placing the incapacitated Plaintiff's minor decedent in said vehicle knowing the above;

(o)     Conspiracy and/or allowing or permitting the Defendant, Mark Rehenan to operate said RUV in careless disregard for the safety of persons or property on a roadway at an unsafe speed resulting in a crash causing death in violation of 75 Pa.C.S.A. §3714(a);

(p)     Otherwise acting in gross, reckless, careless, negligent, indifferent manner; and

(q)   Otherwise violating the Statutes of the Commonwealth of Pennsylvania pertaining to the operation of a motor vehicle and/or the Pennsylvania Crimes Code.

## ALLEGATIONS AS TO DEFENDANT
## RICHARD RENEHAN

95.   Plaintiff incorporates herein by reference all of the averments contained in the foregoing paragraphs as if the same were fully set forth herein at length.

96.   The gross, reckless, careless, negligent, indifferent, willful and wanton conduct on the part of the Defendant, Richard Renehan consisted of one or more of the following:

(a)   Violation of 18 Pa. C.S. A. § 6310, pertaining to the furnishing of liquor, malt or brewed beverages to a person who was less than 21 years of age;

(b)   Violation of PA C.S. A § 3310.1 pertaining to the furnishing of liquor, malt, brewed beverages to a person who was less that 21 years of age;

(c)   Violation of 18 Pa. C.S.A. § 3310.1 entitled "*Selling or Furnishing Liquor or Malt or Brewed Beverages to a Minor*"

(d)   Violation of Pa. C.S.A. § 3735 in that he did unintentionally cause the death of another person;

(e)   Allowing the decedent, Johnathon Byram, to become intoxicated to the point in which he could no longer take care of himself;

(f)   Failing to take care of the decedent Johnathon Byram when he was no longer able to make decisions about his own safety;

(g)   Failing to intervene when the decedent, Johnathon Byram placed himself, or was placed by others, into the RUV being driven by Mark Rehenan when it was known that Mark Renehan had been drinking at the event;

(h)   Conspiracy after the fact in attempting to cover up the actions of Defendant Mark Renehan by counseling Mark Renehan not to take a breathalyzer and not to cooperate with the police and/or paramedics;

(i)   Conspiracy in alerting James and Patricia Renehan that decedent Johnathon Byram and Defendant Joseph Connors, Jr. were underage;

(j)   Civil conspiracy;

(k)   Otherwise acting in a gross, reckless, careless, negligent, indifferent manner; and

(l)   Otherwise violating the Statutes of the Commonwealth of Pennsylvania as may be determine throughout the course of discovery.

## ALLEGATIONS AS TO DEFENDANT SUSAN RENEHAN

97.   Plaintiff incorporates herein by reference all o the averments contained in the foregoing paragraphs as if the same were fully set forth herein at length.

98.   The gross, reckless, careless, negligent, indifferent, willful and wanton conduct on the part of the Defendant, Susan Renehan consisted of one or more of the following:

(a)   Violation of 18 Pa. C.S. A. § 6310, pertaining to the furnishing of liquor, malt or brewed beverages to a person who was less than 21 years of age;

(b)   Violation of PA C.S. A § 3310.1 pertaining to the furnishing of liquor, malt, brewed beverages to a person who was less that 21 years of age;

(c)   Violation of 18 Pa. C.S.A. § 3310.1 entitled "*Selling or Furnishing Liquor or Malt or Brewed Beverages to a Minor*"

(d)   Violation of Pa. C.S.A. § 3735 in that she did unintentionally cause the death of another person;

(e)   Allowing the decedent, Johnathon Byram, to become intoxicated to the point in which he could no longer take care of himself;

(f)   Failing to take care of the decedent Johnathon Byram when he was no longer able to make decisions about his own safety;

(g)     Failing to intervene when the decedent, Johnathon Byram placed himself, or was placed by others, into the RUV being driven by Mark Renehan when it was known that Mark Renehan had been drinking at the event;

(h)     Conspiracy after the fact in attempting to cover up the actions of Defendant Mark Renehan by counseling Mark Renehan not to take a breathalyzer and not to cooperate with the police and/or paramedics;

(i)     Conspiracy in alerting James and Patricia Renehan that decedent Johnathon Byram and Defendant Joseph Connors, Jr. were underage;

(l)     Otherwise acting in a gross, reckless, careless, negligent, indifferent manner; and

(m)     Otherwise violating the Statutes of the Commonwealth of Pennsylvania as may be determine throughout the course of discovery.


## ALLEGATIONS AS TO DEFENDANT STEVEN RENEHAN

99.     Plaintiff incorporates herein by reference all o the averments contained in the foregoing paragraphs as if the same were fully set forth herein at length.

100.     The gross, reckless, careless, negligent, indifferent, willful and wanton conduct on the part of the Defendant, Steven Renehan consisted of one or more of the following:

(a)     Violation of 18 Pa. C.S. A. § 6310, pertaining to the furnishing of liquor, malt or brewed beverages to a person who was less than 21 years of age;

(b)     Violation of PA C.S. A § 3310.1 pertaining to the furnishing of liquor, malt, brewed beverages to a person who was less that 21 years of age;

(c)     Violation of 18 Pa. C.S.A. § 3310.1 entitled "*Selling or Furnishing Liquor or Malt or Brewed Beverages to a Minor*"

(d)     Violation of Pa. C.S.A. § 3735 in that he did unintentionally cause the death of another person;

(e)     Allowing the decedent, Johnathon Byram, to become intoxicated to the point in which he could no longer take care of himself;

(f)     Failing to take care of the decedent Johnathon Byram when he was no longer able to make decisions about his own safety;

(g)     Failing to intervene when the decedent, Johnathon Byram placed himself, or was placed by others, into the RUV being driven by Mark Renehan when it was known that Mark Renehan had been drinking at the event;

(h)     Conspiracy after the fact in attempting to cover up the actions of Defendant Mark Renehan by counseling Mark Renehan not to take a breathalyzer and not to cooperate with the police and/or paramedics;

(i)     Conspiracy in alerting James and Patricia Renehan that decedent Johnathon Byram and Defendant Joseph Connors, Jr. were underage;

(l)     Otherwise acting in a gross, reckless, careless, negligent, indifferent manner; and

(m)    Otherwise violating the Statutes of the Commonwealth of Pennsylvania as may be determine throughout the course of discovery.

## ALLEGATIONS AS TO DEFENDANTS
## CYNTHIA RENEHAN CROWLEY AND THOMAS CROWLEY

101.   Plaintiff incorporates herein by reference all o the averments contained in the foregoing paragraphs as if the same were fully set forth herein at length.

102.   The gross, reckless, careless, negligent, indifferent, willful and wanton conduct on the part of the Defendant, Cynthia Renehan Crowley and Thomas Crowley consisted of one or more of the following:

(a)     Violation of 18 Pa. C.S. A. § 6310, pertaining to the furnishing of liquor, malt or brewed beverages to a person who was less than 21 years of age;

(b)     Violation of PA C.S. A § 3310.1 pertaining to the furnishing of liquor, malt, brewed beverages to a person who was less that 21 years of age;

(c)     Violation of 18 Pa. C.S.A. § 3310.1 entitled "*Selling or Furnishing Liquor or Malt or Brewed Beverages to a Minor*"

(d)     Violation of Pa. C.S.A. § 3735 in that they did unintentionally cause the death of another person;

(e)     Allowing the decedent, Johnathon Byram, to become intoxicated to the point in which he could no longer take care of himself;

(f)     Failing to take care of the decedent Johnathon Byram when he was no longer able to make decisions about his own safety;

(g)     Failing to intervene when the decedent, Johnathon Byram placed himself, or was placed by others, into the RUV being driven by Mark Renehan when it was known that Mark Renehan had been drinking at the event;

(h)     Conspiracy after the fact in attempting to cover up the actions of Defendant Mark Renehan by counseling Mark Renehan not to take a breathalyzer and not to cooperate with the police and/or paramedics;

(i)     Conspiracy in alerting James and Patricia Renehan that decedent Johnathon Byram and Defendant Joseph Connors, Jr. were underage;

(k)     Otherwise acting in a gross, reckless, careless, negligent, indifferent manner; and

(l)     Otherwise violating the Statutes of the Commonwealth of Pennsylvania as may be determine throughout the course of discovery.

**ALLEGATIONS AS TO DEFENDANTS**
**CURTIS SKALLERUP AND SUSAN SKALLERUP**

103.   Plaintiff incorporates herein by reference all o the averments contained in the foregoing paragraphs as if the same were fully set forth herein at length.

104.   The gross, reckless, careless, negligent, indifferent, willful and wanton conduct on the part of the Defendant, Curtis Skallerup and Susan Skallerup consisted of one or more of the following:

(a)   Violation of 18 Pa. C.S. A. § 6310, pertaining to the furnishing of liquor, malt or brewed beverages to a person who was less than 21 years of age;

(b)   Violation of PA C.S. A § 3310.1 pertaining to the furnishing of liquor, malt, brewed beverages to a person who was less that 21 years of age;

(c)   Violation of 18 Pa. C.S.A. § 3310.1 entitled "*Selling or Furnishing Liquor or Malt or Brewed Beverages to a Minor*"

(d)   Violation of Pa. C.S.A. § 3735 in that he did unintentionally cause the death of another person;

(e)   Allowing the decedent, Johnathon Byram, to become intoxicated to the point in which he could no longer take care of himself;

(f)   Failing to take care of the decedent Johnathon Byram when he was no longer able to make decisions about his own safety;

(g)   Failing to intervene when the decedent, Johnathon Byram placed himself, or was placed by others, into the RUV being driven by Mark Renehan when it was known that Mark Renehan had been drinking at the event;

(h)   Conspiracy after the fact in attempting to cover up the actions of Defendant Mark Renehan by counseling Mark Renehan not to take a breathalyzer and not to cooperate with the police and/or paramedics;

(i)   Conspiracy in alerting James and Patricia Renehan that decedent Johnathon Byram and Defendant Joseph Connors, Jr. were underage;

(k)   Otherwise acting in a gross, reckless, careless, negligent, indifferent manner; and

(l)   Otherwise violating the Statutes of the Commonwealth of Pennsylvania as may be determine throughout the course of discovery.

**COUNT I**
**WRONGFUL DEATH**

**DANIEL BYRAM, ADMINISTRATOR OF THE ESTATE OF JOHNATHON BYRAM, DECEASED**
**v.**
**MARK T. RENEHAN, THOMAS (a/k/a TODD) S. RENEHAN, BETH L. RENEHAN, JAMES RENEHAN, PATRICIA RENEHAN,JOSEPH CONNORS, CYNTHIA RENEHAN CROWLEY, THOMAS CROWLEY, RICHARD RENEHAN, SUSAN RENEHAN, STEVEN RENEHAN, CURTIS SKALLERUP AND/OR SUSAN SKALLERUP, INDIVIDUALLY AND/OR JOINTLY AND SEVERALLY**

105.   Plaintiff incorporates herein by reference all of the averments contained in the foregoing paragraphs as if the same were fully set forth herein at length.

106.   Daniel Allen Byram, Administrator of the Estate of Johnathon Byram, deceased, brings this action on behalf of all those entitled by law to recover all damages for wrongful death, pursuant to and in accordance with 42 C.S.A. §8301, Pa.R.C.P. 2202(a) and all other applicable laws.

107.    Neither the decedent nor anyone on his behalf previously brought an action against the Defendants, Mark T. Renehan, Thomas (a/k/a/ Todd) S. Renehan, Beth L. Renehan, James Renehan, Patricia Renehan, Joseph Connors, Jr., Cynthia Renehan Crowley, Thomas Crowley, Richard Renehan, Susan Renehan, Steven Renehan, Curtis Skallerup and/or Susan Skallerup individually and/or jointly and severally, for personal injuries and no other action for the death of the decedent has been commenced.

108.    As a direct and proximate result of the aforementioned careless and negligent conduct of the Defendants, Mark T. Renehan, Thomas (a/k/a/ Todd) S. Renehan, Beth L. Renehan, James Renehan, Patricia Renehan, Joseph Connors, Jr., Cynthia Renehan Crowley, Thomas Crowley, Richard Renehan, Susan Renehan, Steven Renehan, Curtis Skallerup and/or Susan Skallerup  , individually and/or jointly and severally, they are liable for all damages recoverable for wrongful death.

109.    By reason of the death of the decedent, Daniel Byram has suffered financial losses and/or expenses of the Administration of the Estate.

110.    Plaintiff's statutory survivors have further suffered the loss of the decedent's society and comfort, friendship, guidance, love and affection, and other damages as are recoverable under the Wrongful Death Act of Pennsylvania.

111.    Plaintiff brings this action under and by virtue of the Wrongful Death Act, 42 Pa. C.S.A. §8301 and Pa. R.C.P. 2202(a).

112.    Plaintiff is entitled to recover in addition to other damages, amounts for reasonable hospital, nursing, medical, and funeral expenses and expenses of the Administration necessitated by reason of the gross reckless, wanton, negligent and careless conduct and omission to act causing death, harm, and/or increased risk of harm.

113.    As a direct and proximate result of the conduct set forth herein, Plaintiff's minor decedent had died.

114.    As a direct and proximate result of the conduct set forth herein, Plaintiff's minor decedent has suffered financial loss and general expenses, funeral expenses, and bills.

115.    As a direct and proximate result of the conduct set forth herein, Plaintiff's survivors have suffered a loss of support, service, society, love, affection, and attention as well as companionship, guidance, nurture and tutelage.

116.    As a direct and proximate result of the conduct set forth herein, Plaintiff's minor decedent, the Plaintiff and his survivors have suffered other losses and damages, which they are entitled to be compensated for under the Pennsylvania Wrongful Death Statute.

117.    Any other damages the Court determines Plaintiff may be entitled to under the Wrongful Death Act .

WHEREFORE, Plaintiff, Daniel Allen Byram, Administrator of the Estate of Johnathon Byram, demands judgment against the Defendants Mark Renehan, Thomas (a/k/a Todd) S. Renehan, Beth L. Renehan, James Renehan, Patricia Renehan, Joseph Connors, Jr., Cynthia Renehan Crowley, Thomas Crowley, Richard Renehan, Susan Renehan, Steven Renehan, Curtis Skallerup and/or Susan Skallerup individually and/or jointly and severally  in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), and both compensatory and punitive damages plus delay damages, statutory interest, taxable costs and attorney's fees.

**COUNT II**
**SURVIVAL ACTION**

**DANIEL BYRAM, ADMINISTRATOR OF THE ESTATE OF**
**JOHNATHON BYRAM, DECEASED**
**v.**
**MARK T. RENEHAN, THOMAS (a/k/a TODD) S. RENEHAN, BETH L.**
**RENEHAN, JAMES RENEHAN, PATRICIA RENEHAN,JOSEPH CONNORS,**
**CYNTHIA RENEHAN CROWLEY, THOMAS CROWLEY, RICHARD RENEHAN,**
**SUSAN RENEHAN, STEVEN RENEHAN, CURTIS SKALLERUP AND/OR**
**SUSAN SKALLERUP, INDIVIDUALLY AND/OR JOINTLY AND SEVERALLY**

118.    Plaintiff incorporates herein by reference all of the averments contained in the foregoing paragraphs as if the same were fully set forth herein at length.

119.    The Plaintiff, Daniel Allen Byram, Administrator of the Estate of Johnathon Byram, deceased, brings this survival action on behalf of the Estate and all those entitled by law to recover all damages pursuant to and in accordance with 20 Pa. C.S.A. §3371, §3373, 42 Pa. C.S.A. §8302 and all other applicable laws to recover all damages recoverable in a survival action.

120.    Neither the decedent nor anyone on his behalf has previously brought an action for personal injuries and no other action resulting from the death of Johnathon Byram has ever been commenced.

121.    As a direct and proximate result of the aforementioned careless and negligent conduct of the Defendants Mark T. Renehan, Thomas (a/k/a/ Todd) S. Renehan, Beth L. Renehan, James Renehan, Patricia Renehan, Joseph Connors, Jr., Cynthia Renehan Crowley, Thomas Crowley, Richard Renehan, Susan Renehan, Steven Renehan, Curtis Skallerup and/or Susan Skallerup, individually and/or jointly and severally, they are liable for all damages recoverable in a survival action.

122.    The Plaintiff's claim on behalf of said Estate, includes but is not limited to the decedent's loss of gross income or earning capacity, less his personal maintenance expense, which the decedent would have accumulated  from the date of his death through the decedent's remaining life expectancy.

123.    Plaintiff further claims damages for the conscious pain and suffering, discomfort, disfigurement, mental anguish and emotional distress, and fright and mental

suffering attributable to the peril or fear causing the decedent's death, which the decedent suffered prior to the time of his death.

124.   Plaintiff claims damages on behalf of the decedent for the pre-impact fright, shock, and emotional distress that the decedent suffered from the moment that he realized that the above-described accident was imminent up to the time that the collision and impact actually occurred.

125.   Any other damages the Court determines Plaintiff may be entitled to in this survival action.

WHEREFORE, Plaintiff, Daniel Allen Byram, Administrator of the Estate of Johnathon Byram, demands judgment against the Defendants Mark Renehan, Thomas (a/k/a Todd) S. Renehan, Beth L. Renehan, James Renehan, Patricia Renehan, Joseph Connors, Jr., Cynthia Renehan Crowley, Thomas Crowley, Richard Renehan, Susan Renehan, Steven Renehan, Curtis Skallerup and/or Susan Skallerup individually and/or jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), and both compensatory and punitive damages plus delay damages, statutory interest, taxable costs and attorney's fees.

Respectfully submitted,

Foley, McLane, Foley, McDonald & MacGregor, P.C.


By:   /s/Kevin P. Foley
       Kevin P. Foley, Esquire
       600 Linden Street
       P.O. Box 1108
       Scranton, PA   18501-1108
       Telephone #(570)342-8194
       Attorney ID #53067