# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL ALLEN BYRAM, Administrator of the Estate and Natural Father of JOHNATHON BYRAM, deceased, | CIVIL ACTION NO. 3:10-CV-593 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | |
| MARK T. RENEHAN, et al., | |
| Defendants, | |
| v. | |
| MANCHESTER TOWNSHIP, | |
| Third Party Defendant. | |

## MEMORANDUM

Defendant Steven Renehan moves to dismiss, or, in the alternative, for summary judgment on plaintiff Daniel Allen Byram's amended complaint.[1] This suit stems from an RUV accident over the Fourth of July weekend in 2009. Plaintiff's decedent, Johnathon Byram – a passenger in the RUV – was killed when it flipped over. Steven Renehan is alleged to have been one of the individuals who provided alcohol consumed by Johnathon Byram, a minor, at a family get-together the night of the crash. Steven Renehan argues the

---

[1] Steven Renehan also moved, alternatively, for reconsideration of the Court's order allowing plaintiff to file an amended complaint. However, Local Rule 7.10 requires a motion for reconsideration to be filed within fourteen days after entry of the order. The Court's order was granted on September 16, 2011 and Mr. Renehan's motion was not filed until October 31, 2011, more than fourteen days later. The motion will thus be stricken.

claims against him should be dismissed as time-barred. In the alternative, he argues he is entitled to summary judgment because: (1) social host liability is inapplicable since he was not hosting the party; (2) even if he did breach a duty to Johnathon Byram, plaintiff cannot establish the breach was the proximate cause of his death; and (3) the negligent driving of Mark Renehan was a superseding cause. Because the Court finds the amendments to the original complaint "relate back" to the original allegations under Federal Rule of Civil Procedure 15, it will deny the motion to dismiss . Additionally, the Court finds: (1) social host liability extends applies to any adult who makes alcohol available to a minor; (2) Pennsylvania courts have held those same adults can be held liable when the minor is injured by a third party, meaning the proximate cause issue is one for the jury; and (3) whether the accident was an intervening cause is also a jury question. As a result, the motion for summary judgment will be denied.

## BACKGROUND

The underlying suit arises out of a tragic RUV accident which took place on Minkler Mountain Road in Wayne County, Pennsylvania in the early morning of July 5, 2009. Johnathon Byram and Joseph Connors were staying at the home of defendant Mark Renehan's parents, defendants Thomas and Beth Renehan, over the Fourth of July weekend. The afternoon and evening of July 4, Jonathon Byram, Joseph Connors, and Mark Renehan attended a picnic at the nearby home of Mark's aunt and uncle, defendants Patricia and James Renehan. Other members of the Renehan family were in attendance, including defendants Richard Renehan, Susan Renehan, Steven Renehan, Cynthia Renehan Crowley, and Thomas Crowley, as well as family friends, defendants Curtis and Susan Skallerup. There is conflicting testimony as to how many people brought alcohol,

2

who brought which alcohol, where the alcohol was kept, and the nature of the gathering. Both Johnathon Byram and Joseph Connors were nineteen at the time and minors under Pennsylvania law. Mark Renehan was twenty-one. After a night in which all three had been drinking, Mark Renehan told Johnathon Byram and Joseph Connors he was ready to go back to his parents' house. The RUV they took back belonged to his parents. Joseph Connors climbed into the back after losing a game of 'rock, paper, scissors' for the front seat. Johnathon Byram was in the front passenger seat and Mark Renehan drove. Along the way, Mark Renehan lost control of the RUV and it flipped over. Johnathon Byram was thrown from the vehicle and killed.

Daniel Allen Byram filed a complaint on behalf of Johnathon Byram on March 17, 2010 (Doc. 1) alleging negligence against Mark Renehan, Thomas and Beth Renehan, James and Patricia Renehan, and Joseph Connors in the death of his son. He then sought leave to file an amended complaint. In the amended complaint filed on October 14, 2011, he made similar negligence allegations against defendants, Cynthia Renehan Crowley, Thomas Crowley, Curtis and Susan Skallerup, Richard Renehan, Susan Renehan, and Steven Renehan. Hewing closely to the original complaint, the new allegations basically claimed defendants negligently provided alcohol to Johnathon Byram knowing he was underage and would be returning to Todd and Beth Renehan's with an intoxicated driver. Joseph Connors filed a motion for summary judgment which the Court granted on December 8th. (Doc. 156.) Steven Renehan has now filed a motion to dismiss, or in the alternative, for summary judgment. The motion has been fully briefed and is ripe for review.

3

**LEGAL STANDARDS**

**I.      Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are

4

based on the documents and the defendant has attached copies of the documents to the motion to dismiss.  *Id.*  The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether a plaintiff will ultimately prevail.  *See id.*  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## II.      Motion for Summary Judgment

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law.  Where, however, there is a disputed issue of

material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Id.* An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**DISCUSSION**

**I.     The Motion to Dismiss**

The claims against Steven Renehan are not time barred because the new allegations "relate back" to the original complaint.

In Pennsylvania, the statute of limitations for negligence claims is two years. 42 Pa.C.S. § 5524. Under Pennsylvania law, the filing of a motion for leave to amend does not toll the statute of limitations. *Buranosky v. Himes*, 34 Pa. D. & C.2d 509 (Elk 1964). Federal Rule of Civil Procedure 3 states, ""[a] civil action is commenced by filing a complaint with the court." Some lower courts have tried to read an equitable tolling provision into Rule 3. *See, e.g., Longo v. Pa. Elec. Co.*, 618 F.Supp. 87 (W.D.Pa. 1985). However, these courts ignore the United States Supreme Court's ruling in *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980). Assessing Rule 3, the *Walker* court concluded, "[t]here is no indication that the Rule was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations." *Walker*, 446 U.S. at 749. The Court additionally held, ""Rule 3 governs the date from which various timing requirements of the Federal Rules begin to run, *but does not affect state statutes of limitations*." *Id*. (emphasis added).

Here, the accident took place on July 5, 2009. The motion for leave to amend was filed on July 5, 2011. But it was not granted until October 14, 2011. The claims against Steven Renehan would thus ordinarily be time-barred under § 5524. Mr. Byram, ignoring *Walker*, erroneously relies on *Longo* for the proposition that Rule 3 tolls the state statute of limitations.

7

However, the claims are not time-barred because they "relate back" to the original complaint. Fed. R. Civ. P. 15(c)(1)(C). Rule 15(c) allows amendments that add a party despite the running of an applicable state statute of limitations in certain circumstances. To ameliorate the running of the statute of limitations, Rule 15(c)(1)(C) imposes three conditions, all of which must be met for a party to successfully relate back an amended complaint adding a new plaintiff. *See Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 193-94 (3d Cir.2001). The three elements are: 1) whether the claim arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; 2) whether the defendant had notice of the filing of the action within the period provided by Rule 4(m) and will not be prejudiced in maintaining a defense; and 3) the newly named parties knew or should have known that an action would have been brought against them but for a mistake as to their identity. Fed.R.Civ.P. 15(c)(1)(C).

Here, the additional negligence claims clearly arose out of the same occurrence, the death of Johnathon Byram on July 5, 2009. As for notice, Steven Renehan was at the family gathering the night of the accident. He is also an immediate family member of Thomas and Mark Renehan, both named in the original complaint. He thus had notice of the action and will not be prejudiced maintaining a defense. Regarding the 'mistake' prong, Mr. Byram argues that he has been continually misled by defendants as to who was in attendance the night of July 5, 2009. Mr. Byram argues the late joinder was therefore not the result of negligence or sharp practices, but simple ignorance – an ignorance exacerbated by defendants' obfuscations and delays. Without assessing blame, the Court finds that plaintiff was mistaken or unaware regarding the identities of all potentially liable parties until quite recently. Steven Renehan should have known an action was going to be

8

brought against him. The elements of Rule 15(c)(1)(C) are thus met and the motion to dismiss will be denied.

## II. The Motion for Summary Judgment

In his motion for summary judgment, Steven Renehan makes three arguments as to why he is entitled to judgment as a matter of law on Mr. Byram's negligence claims: 1) he can not be liable under the "social host" theory because the party was not at his house; 2) even if he did owe Johnathon Byram a duty of care and breached that duty by providing alcohol to him, that breach cannot be the proximate cause of Johnathon Byram's death as a matter of law; 3) alternatively, if he did breach his duty, the driving of Mark Renehan was a supervening cause responsible for the accident.

### A. "Social Host" Liability

Steven Renehan first argues he cannot be liable for negligence even if he did provide alcohol consumed by Johnathan Byram because the party did not take place on his premises. However, under Pennsylvania law, "social host" liability extends to any adult who knowingly makes alcohol available to a minor.

The approach of the Pennsylvania court's on the liability of adults who provide alcohol to their guests has evolved over time. In *Klein v. Raysinger*, 504 Pa. 141 (1983), the Pennsylvania Supreme Court, found that, "in the case of an ordinary able bodied man it is the consumption of the alcohol, rather than the furnishing of the alcohol, which is the proximate cause of any subsequent occurrence." *Klein*, 504 Pa. at 148. Thus, there was "no liability on the part of a social host who serves alcoholic beverages to his or her adult guests." *Id*.

9

But in *Cognini v. Portersville Valve Co.*, the Court found that the rule of *Klein* did not apply in those situations where an adult furnishes alcohol to a *minor*. 504 Pa. 157, 164 (1983). In *Congini*, an underage employee of Portersville Valve Company became intoxicated at the company's Christmas party and was given his car keys by a Portersville employee despite being intoxicated. He sustained severe permanent injuries in the resulting car accident. He then sued his employer for providing him with liquor in violation of the Crimes Code. The party was sponsored by the company, and the alcohol was served by company employees. Under these facts, the Court found the company was the host and deemed that it was negligent to serve alcohol to the point of intoxication to a person less than twenty-one years of age. *Cognini*, 504 Pa. at 165.

This exception to *Klein*'s "no liability" rule was carved out on the basis of the Pennsylvania legislature's determination that minors are judged to be incompetent to handle alcohol. *Id.* at 161. *Congini* established liability in reliance on two sections of the Pennsylvania Crimes Code. Under 18 Pa.C.S. § 6308, a person under twenty-one commits a summary offense if he "attempts to purchase, purchases, consumes, possesses or transports any alcohol ..." A minor who consumes alcohol in Pennsylvania, therefore, has violated a provision of the Pennsylvania Crimes Code. The *Congini* court then adopted this legislative standard as a standard of conduct applicable to tort liability pursuant to § 286 of the Restatement of Torts, Second. *Id.* at 162.[2] The Court held that § 6308 represented "an

---

[2] Restatement (Second) of Torts § 286 provides:

When Standard of Conduct Defined by Legislation or Regulation Will Be Adopted.

The Court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part

(a) to protect a class of person which includes the one whose interest is invaded, and

obvious legislative decision to protect both minors and the public at large from the perceived deleterious effects of serving alcohol to persons under twenty-one years of age." *Id*. It thus held that a violation of § 6308 would constitute negligence *per se* in a civil action. *Id*. While § 6308 does not impose a standard of conduct on adults, the court went on to hold that, "under Section 306 of the Crimes Code ... an adult who furnishes liquor to a minor would be liable as an *accomplice* to the same extent as the offending minor." *Id.* at 163 (emphasis added).[3]

The Court further stated that to bring a cause of action for negligence against an adult social host, the minor must show the host "knowingly served" alcohol to the minor. *Id.* at 164. However, in *Fassett v. Delta Kappa Epsilon*, the Third Circuit read *Cognini* as being implicitly more broad, holding that, "in Pennsylvania, liability can extend beyond the mere furnishing or serving of liquor." 807 F.2d 1150, 1161 (3d Cir. 1986). Citing *Cognini*'s grounding of "social host" liability in Pennsylvania's "accomplice" statute, the *Fassett* court

---

(b) to protect the particular interest which is invaded, and

(c) to protect that interest against the kind of harm which has resulted, and

(d) to protect that interest against the particular hazard from which the harm results.

[3] 18 Pa.Cons.Stat.Ann. § 306, Pennsylvania's accomplice statute, provides that a person is an accomplice of another in the commission of an offense if:

(1) with the intent of promoting or facilitating the commission of the offense, he:

(I) solicits such other person to commit it; or

(ii) aids or agrees or attempts to aid such other person in planning or committing it; or

(2) his conduct is expressly declared by law to establish his complicity.

18 Pa.Cons.Stat.Ann. § 306 (emphasis added). The "offense" committed in *Cognini* was the consumption of alcohol by a minor in violation of 18 Pa.Cons.Stat.Ann. § 6308.

predicted that: "the Pennsylvania Supreme Court would permit intoxicated minors and third parties injured by them to maintain a cause of action against those *who have made alcohol available* to the minors." *Fassett*, 807 F.2d at 1159 (emphasis added).

In *Fassett*, minors attended a fraternity party where there was underage drinking. They left the party with an intoxicated underage driver and were involved in a car accident. The *Fassett* court reversed the entry of summary judgment for the defendants where the record disclosed that: 1) certain defendants had sponsored and organized a party and supplied intoxicants, 2) other defendants had knowingly supplied funds for the purpose of purchasing intoxicants for the party, and 3) still others had knowingly allowed their residence to be used for the purpose of serving intoxicants to minors. 807 F.2d at 1162. The Court found these factual allegations to constitute aid or encouragement fairly encompassed within the *Congini* rationale. *Id.* at 1159. The Court additionally held that it is the province of the factfinder, not the court, to make the necessary determinations regarding intent and the substantiality of the assistance. *Id*.

The meaning of "social host" is sometimes defined in the caselaw as one who allows a "premises over which [they] have control" to be used for consumption of alcohol by minors. *See, e.g., Macleary v. Hines*, 817 F.2d 1081 (3d Cir. 1987). But the legislative basis of *Cognini* in Pennsylvania's "accomplice" statute and its application in *Fassett* make clear that liability extends to *any* adult who knowingly makes alcohol *available* to a minor: "[t]he exception carved out in *Congini* remains valid in those cases where an adult, who under the eyes of the law is presumed to know the effects of alcohol, furnishes alcohol to a minor, who is presumed under the law incompetent regarding the effects of alcohol." *Kapres v. Heller*, 536 Pa. 551, 557 (1994).

Here, Steven Renehan argues that he cannot be held liable under the "social host"

12

doctrine because the family get-together was not at his home. However, based on the conflicts in the record, e.g., Patricia Renehan's description of the gathering as a "Renehan Family Reunion," there is a factually question as to who was actually hosting. More fundamentally, however, if Steven Renehan *made alcohol available* to Johnathon Byram knowing he was a minor, under *Cognini* and its progeny he can be held liable for negligence under the "social host" doctrine. It is irrelevant that he was not in control of the premises.

### B. Proximate Cause and Supervening Cause

Steven Renehan additionally argues that, even if he was negligent in providing the alcohol, which he does not concede, Mr. Byram cannot prove this was the proximate cause of Johnathon Byram's death. Steven Renehan argues Mark Renehan's negligent driving was either the proximate or supervening cause of Johnathon Byram's death. The Court finds the causation issue to be a question of fact for the jury.

To recover on a theory of negligence, the plaintiff must prove: (1) that the defendant owed a duty to the plaintiff, (2) that the defendant breached that duty, (3) that the breach of duty was the "proximate" or "legal" cause of the accident and (4) the plaintiff suffered an actual loss or damage. *Grossman v. Barke*, 866 A.2d 561 (Pa.Super. 2005).

Proximate cause "involves a determination that the nexus between a defendant's wrongful acts or omissions and the injury sustained is of such a nature that it is socially and economically desirable to hold that defendant liable." *Galullo v. Federal Express Corp.*, 937 F.Supp. 392, 395 (E.D.Pa.1996). To establish proximate cause, the Pennsylvania Supreme Court has adopted the "substantial factor test" of Section 431 of the Restatement (Second) of Torts (1965). *Whitner v. Lojeski*, 263 A.2d 889, 893-894 (1970). Under this test, a defendant's negligent conduct is not the proximate cause of plaintiff's injury unless "the alleged wrongful acts were a substantial factor in bringing about the plaintiff's harm." *E.J.*

13

*Stewart, Inc. v. Aitken Prods., Inc.*, 607 F.Supp. 883, 889 (E.D.Pa.1985), *aff'd*, 779 F.2d 42 (3d Cir.1986). In other words, proximate cause is "that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred." *Wisniewski v. Great Atlantic and Pacific Tea Co.*, 323 A .2d 744, 748 (Pa.Super. 1974) (quotations omitted). It is well settled that "[t]he determination of whether the conduct of the defendant was a substantial cause or an insignificant cause of plaintiffs' harm should not be taken from the jury if the jury may reasonably differ as to whether the conduct of the defendant was a substantial cause or an insignificant cause." *Ford v. Jeffries*, 379 A.2d 111, 114 (Pa.1977).

Lastly, a superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about. § 440 Restatement (Second) of Torts; *see also, Von der Heide v. Com., Dept. Of Transp.*, 553 Pa. 120, 126 (1998).

On the question of causation, *Macleary* is informative because of its factual similarity to the present action. In that case, Macleary, a minor, was at a party hosted by Farrell. Hines, another minor, was also in attendance. There was alcohol at the party and both Macleary and Hines were drinking. Macleary got into a car driven by Hines to go and buy more alcohol. On the way back, they hit a tree and Macleary was injured. He then sued Hines for negligence. He also sued Farrell for providing the alcohol under the "social host" theory. The lower court entered a directed verdict for Farrell on the ground that she did not *physically hand* Macleary or Hines alcohol. The Third Circuit reversed. Citing *Cognini* and *Fassett*, the court held that the trial court's interpretation of "social host" liability was overly narrow and that is was the, "province of the factfinder to make the necessary determinations regarding intent and the substantiality of the [social host's] assistance ." *Macleary*, 817 F.2d

14

at 1084. The relevant portion of the opinion is worth quoting in full:

> Macleary's first theory of recovery is that his injury was caused by his own impaired condition, resulting from Farrell's negligence, which caused him to accept a ride with a visibly intoxicated driver. The foreseeable risk that made the defendant's alleged conduct negligent in the first place was that an intoxicated minor guest would conduct himself in such a manner as to create an unreasonable risk of harm to himself or others. There is evidence from which the jury could find that Farrell's conduct in hosting the party contributed substantially to Macleary's consumption of alcohol to the point of impairment. There is evidence from which the jury could find that Hines was so obviously intoxicated that a reasonable person not impaired by alcohol, would not have accepted a ride with him. The facts in evidence obviously permit an inference of causation. We know from *Congini* that the negligence of the intoxicated minor does not necessarily supersede that of his host in aiding or encouraging his consumption of alcohol. Therefore a jury could find Farrell liable for Macleary's injuries unless the intervening negligence of the third party driver, Hines, superseded that of the minor plaintiff and his social host in causing the plaintiff's injuries.
>
> It is for the jury to decide whether the defendant's conduct was superseded by the negligence of the driver unless, as a matter of law, one who negligently aids a minor in the consumption of alcohol cannot be the legal cause of harm to the plaintiff by a negligent third party.
>
> We find no rationale to support a rule that a defendant may not be liable for injury by a third party when the defendant's conduct substantially increases the likelihood that the third party will have an opportunity to injure the plaintiff. In *Congini* the minor plaintiff injured himself by driving while intoxicated. If a defendant's conduct has substantially increased the likelihood that a minor guest will place himself at risk of injury by an intoxicated driver, we see no reason to distinguish the situation where the plaintiff himself is the intoxicated driver from one where the offending driver is a third party. Since the defendant host's conduct could have increased the risk that the plaintiff would be harmed by a third party, *it was for the jury to determine whether the host's conduct was superseded by that of the driver*.

*Id*. (internal citation omitted) (emphasis added).

The same logic applies here. There are disputes in the record as to most of the pertinent facts of that evening, as well as a number of unresolved questions regarding Steven Renehan's participation in the events of July 4-5 2009. If there is testimony at trial that Steven Renehan provided alcohol to Johnathon Byram and he became so impaired as a result that he acted in an unreasonable and unsafe manner – for instance, by getting into

15

a vehicle with an intoxicated driver and not wearing a seatbelt – the jury could find Mr. Renehan's actions were a substantial factor in Johnathon Byram's death. Based on the amount of conflicting testimony as to: who brought the alcohol, the amount consumed by Johnathon Byram, and Steven Renehan's actions that night, the Court finds summary judgment would be inappropriate. The questions of whether Steven Renehan's providing alcohol was the proximate cause of the Mr. Byram's death or whether Mark Renehan's driving was the proximate or superseding cause are questions of fact for the jury.

## CONCLUSION

The Court will not grant Steven Renehan's motion to dismiss or, in the alternative, his motion for summary judgment for the reasons cited above.

An appropriate order follows.

| | |
|---|---|
| 12/20/12 <br> Date | /s/ A. Richard Caputo <br> A. Richard Caputo <br> United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL ALLEN BYRAM, Administrator of the Estate and Natural Father of JOHNATHON BYRAM, deceased, | CIVIL ACTION NO. 3:10-CV-593 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | |
| MARK T. RENEHAN, et al., | |
| Defendants, | |
| v. | |
| MANCHESTER TOWNSHIP, | |
| Third Party Defendant. | |

## ORDER

**NOW**, this ___20th___ day of December, 2011, **IT IS HEREBY ORDERED** that Defendant Steven Renehan's motion to dismiss or, in the alternative, for summary judgment (Doc. 113) is **DENIED.** The motion for reconsideration is **STRICKEN** as untimely.

                                                /s/ A. Richard Caputo
                                                A. Richard Caputo
                                                United States District Judge